## WILLIAM SPOONER *vs.* LYDIA E. FRENCH.

### June 12, 1875.

Landlord and Tenant—Proceedings to Dispossess—Demand of Rent.—In proceedings under Gen. St. ch. 84, by a landlord against his tenant, to recover possession of premises for non-payment of rent, no previous demand of the rent is required.

Same—Practice.— In such proceedings the justice may proceed to hear the case at the time appointed in the summons, without waiting an hour, as required in Gen. St. ch. 65, § 19.

Proceeding by plaintiff, before a justice of the peace, under Gen. St. ch. 84, to dispossess the defendant, his tenant, for non-payment of rent. Upon filing the complaint (which contained no averment of a demand of the unpaid rent) a summons issued, returnable six days thereafter, at ten o'clock A. M., at which time the case was called, the plaintiff alone appearing, and upon the evidence adduced the justice rendered judgment for plaintiff for restitution and for costs. At forty-two minutes after ten the defendant appeared before the justice, and offered to file an answer, but judgment had already been entered. Upon appeal, on questions of law, to the district court for Hennepin county,

the judgment of the justice was affirmed after a trial before *Vanderburgh*, J., and the defendant appealed to this court.

*Pierce & Farmer*, for appellant.

*J. Guilford*, for respondent.

GILFILLAN, C. J. The only questions in this case are: 1. Is it necessary that a landlord, proceeding against his tenant, under the provisions of Gen. St. ch. 84, for holding over after rent has become due, shall have first demanded payment of the rent? 2. Is it necessary, in those proceedings, that the justice should wait one hour after the hour mentioned in the summons for the parties to appear, before going on with the hearing?

The statute, § 11, gives the right to these proceedings when the tenant "holds over * * * after any rent becomes due," according to the terms of the lease. No other thing is required by the statute. It gives the remedy in all cases, whether the right to reënter for non-payment of the rent is reserved or not; and it could not have been intended that it should be governed by the requirements at common law, or those cases where the landlord proceeds under the reserved right to reënter. No demand of the rent is contemplated by the statute.

Section 5 provides that "*at the time* and place appointed" in the summons the justice shall proceed to hear the case. In the statute regulating the proceedings in ordinary actions before justices' courts, Gen. St. ch. 65, § 19, it is provided that "the parties are entitled to *one hour* in which to make their appearance *after the time* mentioned in the summons for appearance." To add the words of § 19 to those of § 5 would be going further than we are authorized to go; and, without doing that, we cannot hold that under § 5 the parties are entitled to one hour, or any time, after the time mentioned in the summons. If the summons mentions ten o'clock, that, and not eleven o'clock, is the time appointed for appearance. Doubtless the justice may, for good reasons—for instance, to allow for difference in time-pieces,

or when he is at the time engaged in other official business, or if he should see the absent party actually approaching—wait a reasonable time after that mentioned in the summons, but he is not required to do so.

Judgment affirmed.