SOLOMON GRAY *vs.* HENRY P. HURLEY.

October 31, 1881.

**Appeal—Forcible Entry and Detainer.**—In forcible entry and detainer cases, in the municipal court of the city of Minneapolis, an appeal can only be taken from the final judgment.

Appeal by defendant from an order of the municipal court of Minneapolis, overruling his demurrer to the complaint.

*Robinson & Bartleson,* for appellant.

*J. Guilford,* for respondent.

CLARK, J. This was a proceeding in the municipal court of the city of Minneapolis, by a landlord against a tenant, for the restitution of the leased premises, on the ground of non-payment of rent. It was commenced by a summons in the form prescribed by Gen. St. 1878, c. 84, relating to forcible entries and unlawful detainers, issued upon the filing of a complaint in the manner provided by that chapter. The defendant interposed a pleading in the form of a demurrer, alleging as a ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action, but shows on its face that the plaintiff is not entitled to the relief demanded. The demurrer was overruled, and the defendant appealed to this court from the order overruling the same.

It is claimed by the plaintiff that an appeal in these proceedings can only be taken from the final judgment, and that the appeal should therefore be dismissed. This position is correct. The act establishing the municipal court in the city of Minneapolis confers

upon it jurisdiction, subject to certain limitations, "to near, try, and determine civil actions at law where the amount in controversy does not exceed five hundred dollars." Gen. St. 1878, *c.* 64, § 109. The same act, after prescribing the form of the summons to be used, subject to the right of the court to adopt any other form by rule, provides that the pleadings shall be the complaint, presented in writing, or made orally and reduced to writing by the clerk; the answer, reduced to writing; and, if the answer contains a counter-claim, a reply, also reduced to writing. The act also provides that either party may demur to any pleading of his adversary, as in the district court.' Section 116. It also provides that "all causes may be removed from the said municipal court to the supreme court of the state of Minnesota in the same manner, and upon like proceedings, and with like effect as from the district court; and said municipal court shall have jurisdiction of actions of forcible entries and unlawful detainers, and may fix return-days for such actions, other than the regular term days of said court; and chapter eighty-four of the General Statutes, relative to forcible entries and unlawful detainers, shall apply to said municipal court." Section 121.

The theory adopted by the defendant seems to have been that forcible entry and detainer cases, brought in the municipal court, are governed by the practice thus prescribed for that court in the exercise of the jurisdiction conferred upon it by chapter 64, § 109, and not by that prescribed by chapter 84. We think this a mistaken view of the matter. The effect of the last clause of section 121, chapter 64, above quoted, is to confer upon the municipal court, in addition to its other jurisdiction, the jurisdiction conferred upon justices of the peace by chapter 84, including the mode of proceeding thereby prescribed. The remedy provided for by this chapter is summary in its nature, and the mode of proceeding is of the essence of it. No pleadings are provided for, except a complaint and an answer, and no appeal, except from a judgment. It cannot be supposed that it was the intention of the legislature to transfer a jurisdiction to afford summary relief in certain prescribed cases to another court, shorn of the special methods by which the summary results are to be attained. To allow appeals from interlocutory orders in this

proceeding, to the extent prescribed for the general practice in the municipal court, would strip the proceeding of its summary and beneficial features. If the matters in the complaint did not justify a judgment of restitution, so that no answer was necessary, the defendant could properly avail himself of that objection by a motion to dismiss the proceedings on that ground; and, in case of denial of the motion, if he chose to rest his rights on that objection, by an appeal from the judgment.

Appeal dismissed.