## David J. Hennessey *vs.* Jacob Pederson.

### December 15, 1881.

**Forcible Entry and Detainer—Judgment on Default.**—In an action in the municipal court of St. Paul, under the chapter on forcible entries and detainers, the plaintiff, to entitle himself to judgment of restitution, must prove his case. Such judgment cannot properly be rendered simply upon defendant's default.

Plaintiff brought this action in the municipal court of St. Paul, to obtain restitution of certain premises. The defendant appeared specially to move to dismiss the action, which motion the court denied. Defendant declining to answer, judgment was ordered for plaintiff without any further proceedings, and the defendant appealed.

*E. R. Hollinshead,* for appellant.

*H. J. Horn,* for respondent.

Berry, J. Gen. St. 1878, *c.* 84, entitled "Forcible Entries and Unlawful Detainers," contains provisions as follows: Section 2. "Any justice of the peace has authority *to inquire,* as hereinafter directed, as well against those who make unlawful or forcible

entry·into lands or tenements and detain the same, as against those who, having lawful or peaceful ·entry into lands or tenements, unlawfully and forcibly detain the same; and if it is found, *upon such inquiry*, that an unlawful or forcible entry has been made, and that said lands or tenements are unlawfully detained by force and strong hand, or that the same, after a lawful entry, are so held or detained unlawfully, such justice shall cause the party complaining to have restitution thereof." Section 3 provides for the issue of a summons upon complaint made, and section 5 that "after the return of said summons, and at the time and place appointed therein, the said justice shall proceed *to hear and determine* said complaint." Section 9 is, that "if, *upon the trial* of any complaint under this chapter, the justice or jury *shall find* that the defendant or defendants, or either of them, are guilty of the allegations in the complaint, the said justice shall thereupon enter judgment for the complainant to have restitution of the premises, and shall impose such fine, not exceeding $100, as he may deem just, and shall tax the costs for the complainant, and may issue execution in favor of said complainant for such costs, and shall also award and issue a writ of restitution; but if the said justice or the jury *find* that the person complained of is not guilty, the justice shall tax the costs against the complainant, and issue execution therefor." ̤ Section 11 provides that "when any person holds over any lands or tenements * * * after the termination of the time for which they are demised or let to him, or to the person under whom he holds‌ possession, or contrary to the conditions or covenants of the lease or agreement under which he holds, * * * or after any rent becomes due according to the terms of such lease or agreement, or when any tenant at will holds over after the determination of any such estate by notice to quit, in all such cases the party entitled to possession may make complaint thereof to any justice of the peace of the county, and the justice shall proceed *to hear, try and determine the same*, in the same manner as in other cases hereinbefore provided for; but he shall impose no fine upon such tenants or persons hold-. ing over." No provision ·is made by the chapter for any judgment

against the defendant, simply upon his default to appear or answer. On the contrary, the theory of the chapter is, as to our minds clearly appears from the words which we have italicised, that the judgment of restitution must be based upon a *finding*, which in its turn must be based upon *inquiry*, upon a *hearing*, upon a *trial*, of the *complaint*. This cannot mean anything less than that the complainant must prove his case, or, in other words, must prove enough of his complaint to make out his right to restitution. To this end he must adduce evidence, and, in the absence of it, the magistrate has no right to enter judgment for the restitution sought.

The action at bar was brought under section 11, chapter 84, above cited, and in the municipal court of St. Paul, under Gen. St. 1878, c. 64, § 87. By the latter section it is enacted that such court shall "have all the powers and jurisdiction conferred on justices of the peace by chapter eighty-four, General Statutes, and the proceedings shall be the same as therein provided, except that no appeal shall be allowed except to the supreme court." Upon the question presented upon the present appeal, this seems to us to be conclusive. That question is whether, in proceedings before the municipal court under chapter 84, judgment of restitution can properly be rendered against the defendant simply upon his default, without proof of his case upon the part of the plaintiff. The statute provides, in unmistakable language, that "the proceedings shall be the same" in the municipal court as before a justice of the peace. We have seen that, before the latter, the plaintiff, to entitle himself to judgment of restitution, must prove his case by the adduction of evidence, and cannot have such judgment simply upon the defendant's default. The rule in the municipal court is the same.

Whatever presumptions the judgments of the municipal court of St. Paul may, in general, be entitled to, it affirmatively appears, from the clerk's minutes in this case, that, defendant's motion to dismiss having been denied, "thereupon, on motion of plaintiff's attorney, the defendant, declining to answer, was by order of court duly defaulted, and judgment ordered by the court for plaintiff," and that judgment was accordingly entered "pursuant" to such order. Any

presumption of the kind mentioned is in this case, therefore, overcome by the record, from which it affirmatively appears that the judgment was improperly entered upon the defendant's default simply, without proof on behalf of the plaintiff.

Judgment reversed, and case remanded for a new trial.