GEORGE W. NORTON *et al. vs.* J. M. BECKMAN.

Argued May 24, 1893.   Affirmed June 8, 1893.

**Judgment in Form Sufficient.**
     An entry of judgment *held* sufficient.

**Judgment on the Pleadings.**
     In proceedings by a landlord against his tenant under 1878 G. S. ch. 84, judgment on the pleadings may be ordered as in other cases.

**Equitable Defense in Proceedings for Unlawful Detainer.**
     *Petsch* v. *Biggs,* 31 Minn. 392, followed, to the effect that, in proceedings under that chapter, equitable matter, which requires affirmative relief to make it a defense *per se,* cannot properly be interposed in the answer, and that if interposed the case cannot for that reason be certified to the district court.

Appeal by defendant, J. M. Beckman, from a judgment of the Municipal Court of the City of Duluth, *Roger S. Powell,* J., entered September 27, 1892.

On September 1, 1889, the plaintiffs, George W. Norton and Martha R. Norton, leased to defendant lot 86, block 2, in Duluth Proper, Third Division, for the term of three years next thereafter. The tenant agreed to pay $150 per month rent, and at the expiration of the term to quietly yield and surrender the premises to the lessors.   On September 20, 1892, plaintiffs made complaint under 1878

G. S. ch. 84, § 11, stating these facts and that the term had expired and that defendant wrongfully withheld the premises, and prayed restitution. Defendant answered that he had paid all rent; that in the lease plaintiffs covenanted with him that he should have the right and option, at any time prior to the expiration of the lease, to take a new lease for a period of not less than twenty years at an annual rental, not exceeding six per cent. of the value of the lot, exclusive of buildings; that he elected to take such new lease, and notified plaintiffs, and demanded such new lease. That they refused. That relying on this right of renewal, he had made permanent improvements on the lot exceeding $2,000 in value. He asked judgment that plaintiffs take nothing by their complaint, and that they make and deliver to him such new lease.

The action came to trial September 26, 1892, and the court ordered judgment for plaintiffs upon the pleadings. Defendants excepted, and judgment was entered as follows:

"Sept. 27, 1892. Order for judgment as prayed for in complaint filed, whereupon judgment is hereby entered in favor of the plaintiffs and against the defendant for the restitution of the premises described in the complaint, and for costs and disbursements taxed at $7.25." On October 21, defendant moved the Municipal Court to vacate the judgment, and certify the action to the District Court. This was refused.

*N. A. & H. G. Gearhart* and *Lord & Norton,* for appellant.

The plaintiffs moved for judgment on the pleadings, on the ground that the answer did not state facts sufficient to constitute a defense, which motion was resisted by the defendant. Without swearing a witness or introducing any evidence, and in violation of the charter, which requires the court to cease all proceedings and certify the cause to the District Court when equitable relief is demanded, the court ordered and entered judgment on the pleadings. On October 21, 1892, defendant moved the court to vacate and set aside the judgment and to certify the cause to the District Court.

Sp. Laws 1891, ch. 53, § 2, subd. 2, p. 596, provides that the jurisdiction of the Municipal Court shall not extend to an action wherein the relief demanded in the complaint is equitable in its nature. It

says nothing in this section about equitable relief being demanded in the answer. But by analogy, if for no other reason, the same rule should be applied to the answer. In the case at bar, the answer demanded equitable relief. This Act, § 20, provides that where any equitable defense or ground for equitable relief is interposed, the court shall cause an entry of the fact to be made of record, and certify and return to the District Court a transcript of all entries made in the record, together with all process and other papers relating to the suit. Thereupon the District Court proceeds to final judgment and execution according to law.

The defendant claims there was no trial in the Municipal Court. Hence Sp. Laws 1891, ch. 53, § 26, is not applicable to this case.

It is error to enter judgment on the pleadings in cases under 1878 G. S. ch. 84. In unlawful detainer proceedings, judgment can only be entered on proofs and a hearing. The statute so provides. *Hennessey* v. *Pederson*, 28 Minn. 461.

The Municipal Court of Duluth is a court of record, with a seal and a clerk, and its judgments should be entered with the same regularity and solemnity as in any other court of record.

*Carey, Agatin & Carey*, for respondents.

The particular agreement for a new lease relied upon as a defense is void on its face for vagueness and uncertainty. It is not what is called a renewal clause, but an attempted agreement for a new lease. But there is nothing agreed upon in it. Every essential to such an agreement is left for subsequent negotiation between the parties. It is void for uncertainty. *Reed* v. *Campbell*, 43 N. J. Eq. 406; *Frost* v. *Moulton*, 21 Beav. 596; *Wood* v. *Midgley*, 5 De G., M. & G. 41; *Stratford* v. *Bosworth*, 2 V. & B. 341; *Graham* v. *Call*, 5 Munf. 396; *Abeel* v. *Radcliff*, 13 Johns. 297; *Clinan* v. *Cooke*, 1 Sch. & Lef. 22.

Sp. Laws 1891, ch. 53, § 19, subd. 4, provides that the practice and proceedings in actions under 1878 G. S. ch. 84, shall be the same as in Justice Court; § 18 of this chapter provides that all matters in excuse, justification and avoidance of the allegations in the complaint shall be set up in the answer. This must be understood to refer to matters which *per se* constitute an excuse, justification or

avoidance, which of themselves, and without affirmative aid from a court, entitle the defendant to retain the present possession, and does not include those matters upon which a proper court might afford the defendant affirmative relief, and which go to his right to possession, only after such relief has been granted. *Petsch* v. *Biggs*, 31 Minn. 392.

The court could not certify the case to the District Court because the allegations of the answer did not constitute a proper defense to this action. If defendant had any right to a new lease, he should have taken steps to enforce it in a proper tribunal, or to enjoin the proceedings in the Municipal Court, pending the adjustment of his alleged equitable rights. As the case stood, the lower court had no power to certify the case to the District Court, nor to pass upon the validity of his defense.

GILFILLAN, C. J. The judgment in this case was perhaps in some respects informal but it was sufficient in substance, for it expressed the decision of the court on the matter involved, and the relief granted. It would have been good as a judgment either in the District or in a Justice's Court.

In proceedings under 1878 G. S. ch. 84, the pleadings are to be construed, and are to have the same effect, as in a "civil action." When the answer expressly, or by failing to deny, admits the allegations in the complaint, the admission is equivalent to proof. *Hennessey* v. *Pederson*, 28 Minn. 461, (11 N. W. Rep. 63,) did not decide otherwise, but that, under that chapter, judgment cannot be taken by default without proof of the allegations in the complaint, as is the case in certain civil actions. It follows that if the answer admits the material allegations in the complaint, and alleges no defense, the court may render judgment on the pleadings, as in other cases. There is in such case nothing to try, except by the allegations and admissions in the pleadings.

The only other points in the case deserving mention, to wit, that an equitable defense was alleged, and that, because the municipal court could not try such defense, it ought to have certified the cause to the district court, are fully disposed of by *Petsch* v. *Biggs*, 31 Minn. 392, (18 N. W. Rep. 101,) in which it was held that equitable matter, which requires affirmative relief to be a defense *per se*, can-

not be interposed in proceedings under chapter 84, but that the defendant must first obtain that equitable relief in a court compe· tent to give it, and also that the case cannot be certified to the district court because of such equitable matter being interposed. That case came up from the municipal court of St. Paul, but in this respect there is no difference between the provisions of the act establishing that court, and those of the act establishing the municipal court of Duluth.

Order and judgment affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 603.)