JOSEPH LLOYD v. ODILLON J. SECORD.[1]

June 27, 1895.

Nos. 9315—(237).

**Unlawful Detainer—Sufficiency of Answer.**

> *Held,* in an action brought to obtain restitution of leased premises after
> a breach of the covenant to pay rent, and under the provisions of G. S.
> 1894, § 6118, that the answer failed to allege a defense.

**Same—Judgment on Pleadings.**

> The answer having admitted all of the material allegations of the com-
> plaint, and alleging no defense, judgment on the pleadings for restitution
> was properly ordered in the court below, following Norton v. Beckman,
> 53 Minn. 456.

Appeal by defendant from a judgment of the municipal court of
Duluth, entered in pursuance of an order for judgment by Powell,
J. Affirmed.

*John A. Keyes,* for appellant.

*I. Grettum,* for respondent.

COLLINS, J. This was an action of unlawful detainer brought
under the provisions of G. S. 1894, § 6118, by plaintiff, to obtain res-
titution of certain real property demised and leased by him to de-
fendant by written lease. There was an admitted breach of the
covenant to pay rent, and the substance of defendant's answer was
that he owned and occupied a building on said premises, claiming
the same as his statutory homestead, all of which was known to
the plaintiff when the lease was executed. This was no defense,
for if the building was defendant's property,—and this seems to have
been conceded, for the plaintiff made no reply,—he should remove
it from the land as he would other property belonging to him. That
he owned and occupied a building situated on the leased land gave
him no right to unlawfully detain or to withhold restitution of the
latter upon his failure to pay rent.

Defendant having admitted the material allegations of the com-

[1] Reported in 63 N. W. 1099.

plaint, and having failed to allege a defense, the court below was justified when ordering judgment for plaintiff on the pleadings. Norton v. Beckman, 53 Minn. 456, 55 N. W. 603.

Judgment affirmed.