ELIZABETH VAN VLISSINGEN v. J. W. OLIVER and Others.[1]

October 18, 1907.

Nos. 15,383—(181).

**Justice Court—Appeal.**

A judgment in favor of the defendants in justice court, dismissing an action of forcible entry and unlawful detainer and for costs, upon the withdrawal of the plaintiff from the trial of the case, is a final judgment, and appealable by the plaintiff.

Action in justice court in the city of Moorhead for forcible entry and unlawful detainer. At the time of hearing the motion for change of venue, as mentioned in the opinion, was made and denied. From the judgment of dismissal the plaintiff appealed to the district court for Clay county. The appeal was dismissed, Baxter, J. From the judgment of dismissal, plaintiff appealed. Reversed and remanded.

*Nye & Dosland,* for appellant.
*William Russell* and *Wm. R. Tillotson,* for respondents.

START, C. J.

Action of forcible entry and unlawful detainer, brought in justice court. The allegations of the complaint were to the effect that the plaintiff was the owner of the lot in question and entitled to the possession thereof, but that the defendants unlawfully detained possession thereof. The answer admitted that the plaintiff was the owner of the lot, denied the other alegations of the complaint, and contained allegations to the effect that the defendants were lawfully in possession of

[1] Reported in 113 N. W. 383.

the lot and had the right to continue therein by virtue of an agreement with the plaintiff.

When the case came on for hearing, and before the trial thereof, the plaintiff's attorney made and filed his affidavit to the effect that he believed that from prejudice and bias the justice would not decide impartially in the matter, and moved the justice to transfer the action to another justice for hearing and determination. The justice denied the motion and refused to transfer the action, to which ruling the plaintiff excepted, and then withdrew from a trial of the case. Thereupon the defendants moved for judgment of dismissal and their costs, which was granted. The plaintiff appealed from the judgment of the justice court on questions of law and fact to the district court of the county of Clay. The district court, on motion of the defendants, dismissed the appeal, and from the judgment of that court, dismissing the appeal and for costs, the plaintiff appealed to this court.

The record presents for our decision the sole question whether or not the judgment of the justice was appealable. Whether or not the justice erred in refusing to transfer the action to another justice is not relevant to such question, for whether the judgment of the justice was appealable or not depends upon its nature; that is, was it final, within the meaning of the rule that an appeal only lies in actions of forcible entry and unlawful detainer from a final judgment? Gray v. Hurley, 28 Minn. 388, 10 N. W. 417. The right of appeal in actions of this kind is given by section 4047, R. L. 1905, and not by section 3981 thereof. The appeal, however, is to be taken and prosecuted in the same manner as in other cases triable before justices of the peace, except as to the appeal bond. This conclusion clearly follows from the history of the statutes. See R. L. 1851, p. 315, § 123; Id. p. 442, § 17; G. S. 1866, p. 435, § 103; Id. p. 573, § 13. If, then, the order appealed from was a final judgment, the appeal was properly taken on questions of law and fact, and it became the duty of the district court to hear and determine the action in the same manner as if it had been originally commenced therein.

The argument of counsel for defendants, in support of their claim that the judgment is not appealable, is to the effect that the only final judgment which can be rendered in an action of forcible entry and unlawful detainer is either one in favor of the plaintiff, that he have

restitution of the premises and costs, or one in favor of the defendant for his costs upon a finding or verdict of not guilty. R. L. 1905, § 4044. ·And, further, that, "to make a judgment final it must be a complete disposition of the matters in controversy, that is, it must be such a judgment as would be res adjudicata in another action involving the same subject matter." The section of the statute relied on deals only with the judgment to be entered in case there is a trial on the merits of the action in justice court, and it is in no manner inconsistent with the entry of a judgment, in cases where there is no hearing on the merits, "as in other civil actions in a justice's court." R. L. 1905, § 4042.

Whether the defendants would have been entitled to have proceeded and proved the allegations of their answer, and secured a judgment upon the merits, when the plaintiff withdrew, not her action, but from a trial thereof, we need not determine; for they elected to move for and to take a judgment of dismissal and costs. Such a judgment was a final judgment, and appealable, because it terminated the particular action. It is not necessary that it should be on the merits and preclude the parties from bringing another action. Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Steinam v. Schulte, 83 Wis. 567, 53 N. W. 844; Dunnell, Minn. Pr. § 1722; 2 Enc. Pl. & Pr. 103; 2 Cyc. 595.

Judgment reversed and case remanded, with direction to the district court to entertain the appeal.

LEWIS, J. (dissenting).

"The remedy provided for by this chapter is summary in its nature, and the mode of proceeding is of the essence of it." Gray v. Hurley, 28 Minn. 388, 10 N. W. 417. Judgment entered upon dismissal may be a final judgment, from which an appeal will lie, in other civil actions; but that rule of law has no application to the chapter under consideration. No appeal is provided from an interlocutory order, nor from a judgment, except as provided by section 4044, R. L. 1905, and that is upon the merits. This court has always aimed to preserve the integrity of the remedy. In Spooner v. French, 22 Minn. 37, it was held that the justice might proceed to hear the case at the time appointed in the summons, without waiting an hour, as pro-

vided by the general statutes. In Gray v. Hurley, supra, it was held that an appeal would not lie from an order overruling the demurrer to the complaint, and that the provisions of the general statutes have no application. Hennessey v. Pederson, 28 Minn. 461, 11 N. W. 63, held that the justice had no authority to enter judgment for the restitution of the premises simply upon default.

The purpose of the statute was to provide a speedy remedy, and that purpose has been preserved by the revised laws of 1905. There is no provision authorizing a change of venue, nor the entry of the judgment of dismissal. In any event, having abandoned his case upon a refusal of the justice to change the venue, plaintiff should not be heard to complain of the fact that judgment was entered, at the instance of defendant, dismissing his action for want of prosecution.

For these reasons, I dissent.