## D. M. DOYLE v. LARRY LONG AND OTHERS.[1]

May 19, 1939.

No. 31,905.

*T. J. Mangan,* for appellants.
*Bryan W. Place,* for respondent.

PETERSON, JUSTICE.

This is an action in unlawful detainer brought in the municipal court of Morris. Defendants appeared specially and questioned the sufficiency of the service of the summons, but their objections were overruled. The defendants upon the trial offered evidence tending to show that they had title to the property involved under a state tax assignment certificate. After hearing the evidence the municipal court certified the case to the district court as one involving title to real estate. The district court first dismissed the case in that court and remanded it to the municipal court. Later it vacated the part of the order remanding the case. Then, on May 4, 1938, the municipal court entered judgment for restitution. Under the statute there was a right of appeal within ten days, but no appeal was taken.

After the time to appeal had expired defendants moved the municipal court to vacate the judgment of restitution upon the grounds that it was without jurisdiction to render the judgment. Defendants contended that (1) there was no service of the summons as required by statute, and (2) the court had ousted itself of jurisdiction by certifying the case to the district court and by failing to decide it within six days after it was tried and submitted as required by statute. This motion was denied June 4, 1938. Defendants appealed to the district court from the order of the municipal court refusing to vacate the judgment. The district court dismissed the appeal upon the grounds that there was no right of appeal from such an order and that the appeal was without effect.

The city of Morris has a home rule charter under which the municipal court was created. Section 98 thereof provides that such court shall be governed by and conform to R. L. 1905, c. 5, and amendatory and supplemental acts, now 1 Mason Minn. St. 1927, §§ 212 to 237, amended in some respects not important here by 3 Mason Minn. St. 1938 Supp. §§ 217, 223, and 237. The municipal court has jurisdiction of actions for forcible entry and unlawful

detainer under § 218(5). Section 230 provides for the issuance of the summons by the clerk and making the same returnable in not less than three days and that in other respects unlawful detainer proceedings "shall be governed by similar regulations relating to justices of the peace." Appeals may be taken to the district court "from the judgments" of the municipal court upon the same procedure and with like effect as provided by law for appeals from justices' courts. § 236.

The right of appeal is statutory. The statute provides for appeals from judgments. No provision is made for appeals from orders. Where the statute permits an appeal only from a judgment in an action in unlawful detainer, an appeal does not lie from an order. Gray v. Hurley, 28 Minn. 388, 10 N. W. 417; Hobart v. McNamara, 13 Mo. App. 578. See Van Vlissingen v. Oliver, 102 Minn. 237, 113 N. W. 383. In Gray v. Hurley, *supra,* proceedings in unlawful detainer were brought in the municipal court of Minneapolis under statutory provisions substantially the same as those above cited. There the statute provided for appeals from the municipal court to this court. Defendant appealed from an order overruling his demurrer to the complaint. The statute provided only for an appeal from the judgment. We held that no appeal could be taken from an order, since the statute authorized an appeal only from a judgment, and dismissed the appeal. We pointed out as reasons why the statute permits appeals from judgments, but not from orders, that the proceeding is summary, that the mode of proceeding is of its essence, and that to allow appeals from orders would strip the proceeding of its summary and beneficial nature. The dismissal below involved exactly the same situation.

The question whether or not a municipal court has the power to vacate a judgment rendered in an action in unlawful detainer is not before us. We only hold that no appeal lies from an order denying a motion to vacate such a judgment. There is much reason to doubt the existence of the power of municipal courts to vacate such judgments in view of our decisions in Lilienthal v. Tordoff, 154 Minn. 225, 191 N. W. 823, 194 N. W. 722, and Clark v. Dye, 158 Minn.

217, 197 N. W. 209, holding that, since such courts exercise the same powers as justices of the peace in unlawful detainer actions, municipal courts do not have the power to grant a new trial in unlawful detainer actions. See Untiedt v. Ver Dick, 195 Minn. 239, 262 N. W. 568.

Since the order of the municipal court refusing to vacate the judgment was not appealable, the appeal was properly dismissed.

Questions relating to the merits were discussed in the briefs and argument, but they are not before us for want of an appeal by which such questions may be reviewed.

Order affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.

