## MINNIE PUSHOR v. ROSE T. DALE AND OTHERS.[1]

September 25, 1953.

No. 36,178.

E. Luther Melin, for appellant.
F. B. Sowle, for respondent.

Per Curiam.

This is an action in unlawful detainer brought in the municipal court of Minneapolis against defendant Rose T. Dale and others. The summons and complaint were served on defendant Rose T. Dale by leaving copies thereof with a suitable person residing at

[1]Reported in 60 N. W. (2d) 128.

her usual place of abode. On the return day defendant Rose T. Dale appeared specially and objected to the court's jurisdiction solely on the ground that she had not been served personally with a copy of the summons and complaint and that substituted service thereof was not authorized under the circumstances of the case.

The court overruled her special appearance and, upon plaintiff's proof, ordered judgment for plaintiff. Defendant Rose T. Dale appeals from the order overruling her special appearance. Plaintiff moves to dismiss the appeal on the ground that said order is not appealable.

Upon examination of the original files and records, it is clear that defendant Rose T. Dale, in effect, sought to set aside the service of summons upon her and that the trial court's order was a denial of such relief. Thus the order is substantially identical to one denying a motion to set aside the service of summons which has been held appealable under our general appeal statute. See, 1 Dunnell, Dig. (3 ed.) § 298, note 39. However, an action in unlawful detainer is a special statutory proceeding which is summary in its nature, and the mode of proceeding is of the essence of it. M. S. A. 566.12 provides for appeal from the judgment in unlawful detainer actions. This section has been held to present the exclusive mode of appeal in such actions. Gray v. Hurley, 28 Minn. 388, 10 N. W. 417; Doyle v. Long, 205 Minn. 322, 285 N. W. 832. As this court stated in Gray v. Hurley, 28 Minn. 389, 10 N. W. 417:

"* * * To allow appeals from interlocutory orders in this proceeding, to the extent prescribed for the general practice in the municipal court, would strip the proceeding of its summary and beneficial features."

For the same reason, we are of the opinion that the order in question is not appealable and that the appeal therefrom should be dismissed.

Appeal dismissed.