## ALLEN GOLDBERG v. LAFAYETTE FIELDS.

76 N. W. (2d) 668.

April 27, 1956—No. 36,821.

*Turner & Crane,* for appellant.
*Hoffmann, Donahue & Graff,* for respondent.

NELSON, JUSTICE.

This is an action in unlawful detainer brought in the municipal court of St. Paul, commenced August 12, 1955. Plaintiff was at the

time the owner of a property known as 618 Rondo Street in the city of St. Paul. The defendant had been a tenant of the property, holding from month to month. On August 12, 1955, plaintiff served defendant with a notice to quit the premises on or before September 14, 1955.

Defendant set out an alleged assignment in writing of his leasehold rights to one George E. Butler bearing date August 1, 1955. Apparently it is defendant's contention that this assignment shields him from an action in unlawful detainer.

The matter came on for trial October 19, 1955, at 9:30 a. m. While there was an answer filed in the case, the defendant did not by his pleading contest the plaintiff's ownership of the property; the defendant's tenancy from month to month; nor the notice to vacate the premises. No affirmative defense was pleaded.

Neither defendant nor his attorney appeared at the appointed time for hearing on the day of the trial. Defendant's attorney made his appearance at 10 a. m., which proved to be one-half hour late. A default judgment had been taken and entered after 9:30 a. m., but before the defendant appeared. The court made and filed its findings of fact, conclusions of law, and order for judgment. Judgment for restitution was entered the same day.

Defendant thereafter moved to vacate the judgment based upon a supporting affidavit stressing that the setting of the case for 9:30 a. m. had been inadvertently overlooked. The motion to vacate was denied and the defendant appeals from the order.

It is difficult to determine upon what alleged error this appeal is predicated. The defendant has failed to conform with the requirements of Supreme Court Rule VIII(3) (222 Minn. xxxiii). We can only suggest, as has the plaintiff in his brief, that perhaps it can be assumed that the appellant is basing his appeal on the grounds that he believes the lower court abused its discretion in failing to set aside the judgment because of the defendant's claimed mistake, inadvertence, surprise, or excusable neglect.

Practically the only question presented by the plaintiff's brief seems to be whether it was necessary in an unlawful detainer action for the court to wait one-half hour before proceeding, the notices

announcing the trial of the action having fixed the time for trial at 9:30 a. m. on the day set. The court might have waited a reasonable period after the time announced in the notice of the trial, but he was not required to do so. If the notice fixed 9:30 a. m., that hour, and not 10 a. m., was the time appointed for appearance.

The remedy which is provided by the unlawful detainer statute is a summary one, and the mode of proceeding is the essence of it. Gray v. Hurley, 28 Minn. 388, 10 N. W. 417. The judgment in such an action merely determines the right to the present possession of the property.

The practice in municipal courts under the forcible entry and unlawful detainer statutes must conform to that prescribed for courts of justices of the peace under M. S. A. c. 566, except as otherwise prescribed by the act itself. Lilienthal v. Tordoff, 154 Minn. 225, 194 N. W. 722, 191 N. W. 823. It was held by this court in Spooner v. French, 22 Minn. 37, that in such proceedings the justices may proceed to hear the case at the time appointed in the summons, without waiting an hour as was then required by the statute regulating proceedings in ordinary actions before justice courts under G. S. 1866, c. 65, § 19.

Subsequent to the entry of judgment herein, a writ of restitution was served on the defendant while he was in fact in possession of the property. He vacated the premises pursuant to the writ, and the plaintiff moved back into possession of his own property. Under all the circumstances the court below might well find that the defendant did not establish any excusable negligence nor did he show any meritorious defense.

This court has repeatedly held, beginning with the case of Gray v. Hurley, *supra,* that in forcible entry and unlawful detainer cases an appeal can only be taken from the final judgment, and this applies to municipal courts as well as justice courts having jurisdiction of actions of forcible entry and unlawful detainer. Here in the case at bar an appeal was taken from an order denying a motion to vacate and set aside the default judgment entered in an unlawful detainer proceeding.

The statute permits an appeal only from a judgment in an action in unlawful detainer. When unlawful detainer actions are triable in municipal courts, such courts will only exercise the same power as justices of the peace in unlawful detainer proceedings generally.

The case of Doyle v. Long, 205 Minn. 322, 285 N. W. 832, is controlling here. In that case an action in unlawful detainer was brought in the municipal court of Morris. Defendants appeared specially and questioned the sufficiency of the service of the summons. Their objections were overruled. Judgment for restitution was later entered. The defendants had the right to appeal from the judgment within 10 days but took no appeal. After the time to appeal had expired, defendants moved the municipal court to vacate the judgment on the grounds that it was without jurisdiction to render it. The motion was denied and an appeal taken to this court, after the district court had dismissed an appeal upon the grounds that there was no right of appeal from the order and that the appeal was without effect. This court held that an appeal does not lie from an order denying a motion to vacate a judgment in an action in unlawful detainer.

Such right of appeal is statutory. The applicable statute provides for appeals from judgments, but no provision is made for appeals from orders. Where the statute, M. S. A. 566.12, permits an appeal only from a judgment in an action in unlawful detainer, it is well settled in this state that an appeal lies only from the judgment and not from an order. The appeal must properly be dismissed.

While questions relating to the merits were discussed in the briefs, we are forced to hold that they are not before us for want of an appeal providing the defendant with the right to have such questions reviewed.

Appeal dismissed.