**WHITE EARTH HOUSING AUTHORITY, Respondent,**

v.

**Lois SCHWABE, Appellant.**

**No. CO–85–941.**

Court of Appeals of Minnesota.

Oct. 29, 1985.

Elroy Hanson, Mahnomen, for respondent.

James O. Ramstad, Detroit Lakes, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

PARKER, Judge.

Appellant, Lois Schwabe, appeals from a writ of restitution ordering her to vacate a housing unit at the White Earth Housing Authority (W.E.H.A.). Schwabe requests that the trial court be reversed on the grounds that 1) the evidence does not support the finding that her lease was terminated for good cause, 2) W.E.H.A.'s action was a retaliatory eviction under Minn.Stat. § 566.03, subd. 2, and 3) the procedures provided at her W.E.H.A. grievance hearing were inadequate. We affirm.

## FACTS

Appellant, Lois Schwabe, began leasing a housing unit from the White Earth Housing Authority (W.E.H.A.) in February 1984. In November 1984 Schwabe received notice that she had violated the terms of her lease with W.E.H.A. and that her lease was therefore being terminated. Schwabe was informed that she was entitled to contest the decision in accordance with W.E.H.A.'s grievance procedures.

The W.E.H.A. board held a grievance hearing in December 1984 where the decision to evict Schwabe was upheld. At the grievance hearing, Schwabe was not represented by an attorney, and the other tenants who had complained to W.E.H.A. about Schwabe's conduct did not appear.

When Schwabe refused to leave the premises in accord with the board's decision, W.E.H.A. brought an unlawful detainer action in Mahnomen County Court. At the unlawful detainer hearing W.E.H.A. and Schwabe both offered the testimony of Schwabe's neighbors concerning her conduct. The court found that Schwabe had used her premises to conduct noisy and lengthy parties in violation of her lease, and that W.E.H.A. had terminated the lease for good cause. The court held that Schwabe was in unlawful possession of the dwelling, and ordered that a writ of restitution be issued. Schwabe has appealed from the judgment entered pursuant to that order.

## ISSUES

1. Was there sufficient evidence to support the trial court's finding that the appellant's lease was terminated for good cause?

2. Was the housing authority's action a retaliatory eviction under Minn.Stat. § 566.03, subd. 2?

3. Could Schwabe's objections to the procedures followed at W.E.H.A.'s grievance hearing be asserted as a defense to an unlawful detainer action?

## DISCUSSION

### I

■ The trial court heard the testimony of other W.E.H.A. residents concerning Schwabe's conduct, and found that her lease was terminated for good cause. Noting the trial court's superior opportunity to judge the credibility of the witnesses, we hold that there was sufficient evidence on the record to support this finding.

## II

Schwabe complains that the trial court did not specifically determine whether W.E.H.A.'s action was a retaliatory eviction. Implicit in the trial court's holding that Schwabe violated the terms of her lease is the finding that W.E.H.A.'s action did not constitute a retaliatory eviction. *See Parkin v. Fitzgerald,* 307 Minn. 423, 240 N.W.2d 828 (Minn.1976). Furthermore, Schwabe's failure to request specific findings before the trial court precludes raising this issue on appeal. *Berquam v. Berkner,* 374 N.W.2d 802 (Minn.Ct.App.1985).

## III

The final issue in this appeal is whether Schwabe could assert alleged procedural errors at W.E.H.A.'s grievance hearing as a defense to the unlawful detainer action. W.E.H.A. is an Indian Housing Authority (IHA), established pursuant to 42 U.S.C. § 1437 (1984), to provide housing to low income families. It is well established that non-Indian public housing authorities are required to afford tenants the opportunity for an administrative grievance hearing prior to initiating an eviction action in state court. HUD Lease and Grievance Procedures, 24 C.F.R. § 966; *see also Thorpe v. Housing Authority,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). However, grievance procedures at Indian Housing Authorities are governed by 24 C.F.R. § 905.303, which reads as follows:

The requirements set forth in HUD regulations relating to procedures for the resolution of tenant or Homebuyer grievances against Public Housing Agencies (24 CFR Part 966) are not applicable to Projects under this part. Each IHA shall adopt and promulgate grievance procedures which are appropriate to local circumstances, provided that such procedures shall afford all tenants and Homebuyers a fair and reasonable opportunity to have their grievances heard and considered by IHA officials, and shall comply with the Indian Civil Rights Act. A copy of the grievance procedures shall be posted prominently in the IHA office,

and shall be provided to a tenant or homebuyer upon request.

In accord with the regulation, Schwabe's lease with W.E.H.A. contained the following terms:

If the authority elects to terminate the lease, Tenant shall be informed of the reason(s) for the termination, his right to make such a reply as he may wish, and his right to request a hearing in accordance with the Authority's grievance procedure. * * * Grievances or appeals concerning the obligations of the tenant under the provisions of the lease shall be processed and resolved in accordance with the Grievance Procedure of the Authority which is in effect at the time such grievance or appeal arises, which procedure is posted in the Area Management Office and incorporated herein.

Schwabe argues that W.E.H.A. did not follow its own grievance procedures in processing her eviction. W.E.H.A. responds that Schwabe's informal hearing before the board complied with existing grievance procedures. However, Schwabe failed to provide the trial court (or this court) with a copy of W.E.H.A.'s grievance procedure. Because Schwabe completely failed to meet her burden of production, this issue was not properly raised or preserved for appeal.

Schwabe also complains that W.E.H.A.'s informal grievance hearing violated the due process provisions of the United States and Minnesota Constitutions, and the Indian Civil Rights Act, 25 U.S.C.S. Section 1301 *et seq.* The purpose of Minnesota's unlawful detainer proceeding is to provide a summary proceeding to determine quickly the right to present possession of property. *Goldberg v. Fields,* 247 Minn. 213, 215, 76 N.W.2d 668, 669 (1956); *Dahlberg v. Young,* 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950). *See* Minn.Stat. § 566.02 (1984).

In *University Community Properties Inc. v. Norton,* 311 Minn. 18, 246 N.W.2d 858 (1976), the Minnesota Supreme Court held that a landlord's alleged breach

of a rent arbitration agreement between a tenant's union and the landlord could not be asserted as a defense in an unlawful detainer proceeding. In reaching its decision, the court emphasized that, "the defenses that can be interposed [in an unlawful detainer action] are strictly limited." *Id.* 246 N.W.2d at 860 (citing with approval *Leifman v. Percansky,* 186 Minn. 427, 430, 243 N.W. 446, 448 (1932). Accordingly, we hold that Schwabe could not assert objections to W.E.H.A.'s grievance procedures as a defense in this proceeding. *But, see, Housing Authority of the City of Milwaukee v. Mosby,* 53 Wis.2d 275, 192 N.W.2d 913 (1972).

## DECISION

The decision of the trial court is affirmed.