**Townie MAKELA, Respondent,**

v.

**Karl H. PETERS and LaVonne M. Peters, Appellants.**

No. C2–88–1216.

Court of Appeals of Minnesota.

July 12, 1988.

Gary I. Syverson, Swenson, Grover, Lervick, Syverson & Battey, Ltd., Alexandria, for respondent.

Karl H. Peters, Farwell, pro se.

Considered at Special Term and decided by WOZNIAK, C.J., HUSPENI and SHORT, JJ., without oral argument.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellants filed this appeal on June 6, 1988, seeking review of a writ of restitution entered May 27 in an unlawful detainer action. Appellants did not file a certified copy of the order, judgment, or writ from which the appeal was taken as required by Minn.R.Civ.App.P. 103.01, subd. 1(d)(2). Appellants did not pay this court's $50 filing fee or submit proof that a filing fee is not required. *See* Minn.R.Civ.App.P. 103.01, subd. 1(d)(4) and subd. 3. Finally, although appellants submitted a notice of mailing of their notice of appeal and statement of the case, the notice did not indicate the actual date of service on the parties.

By notice dated June 7 the clerk of the appellate courts, pursuant to this court's direction, instructed appellants to remedy the specified errors. By order dated June 9 this court questioned jurisdiction, directed the parties to file memoranda on the appealability of the writ of restitution, and again directed appellants to remedy the

specified errors. Our order specifically required compliance on or before June 20. Appellants have not complied, and they did not respond in any way to the June 9 order. Respondent moves to dismiss the appeal.

## DECISION

In unlawful detainer cases, an appeal may only be taken from the *judgment* of restitution, and it must be taken within ten days. Minn.Stat. § 566.12 (1986); *Goldberg v. Fields*, 247 Minn. 213, 216, 76 N.W.2d 668, 670 (1956). This appeal was taken from the *writ* of restitution, which is not appealable. Further, appellants have failed to address the jurisdiction problem or to submit a certified copy of the judgment, pay the filing fee, or provide proof of service, in violation of the rules and this court's direct order.

It has come to our attention that some district court administrators neglect to enter a judgment of restitution in unlawful detainer actions, and instead simply issue a writ of restitution based upon the order for restitution. This procedure is improper. Minn.Stat. § 566.09 (1986) specifically requires the entry of a judgment of restitution.

Appeal dismissed.