**TONKAWAY LIMITED PARTNERSHIP,**
Respondent,

v.

**Joyce McLAIN, Appellant.**

**No. C5-88-2229.**

Court of Appeals of Minnesota.

Dec. 20, 1988.

David Van House, Adams, Cesario & Atkinson, Bloomington, for respondent.

Lawrence McDonough, Legal Aid of Minneapolis, Minneapolis, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and NIERENGARTEN and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent landlord prevailed in an unlawful detainer action and a judgment of restitution was entered on October 4, 1988. No appeal was taken from the judgment. Appellant's motion to vacate the judgment or grant a new trial, alleging errors of law, insufficient evidence to support the decision, newly discovered evidence, and excusable neglect in failing to assert valid defenses, was heard on October 11. The motion was denied by order dated October 14 and filed October 17. This appeal, from the October 17 order denying the post-trial motion, was filed on October 25, 1988. We questioned jurisdiction and directed the parties to file memoranda.

### DECISION

An appeal may be taken from a judgment of restitution within ten days. Minn. Stat. § 566.12 (1986); *Makela v. Peters*, 425 N.W.2d 605, 606 (Minn.Ct.App.1988). The last day to timely appeal the October 4 judgment in this case was October 14, and no such appeal was taken. This court may not extend the time for filing an appeal. Minn.R.Civ.App.P. 126.02.

Appellant claims the order denying her post-trial motion is independently appealable. The supreme court has consistently held that post-trial orders in unlawful detainer proceedings are non-appealable. Specifically, the denial of a motion to set aside a writ of restitution is not appealable because the appeal must be taken from the judgment. *Northwest Holding Co. v. Evanson*, 265 Minn. 562, 571, 122 N.W.2d 596, 602 (1963). The denial of a motion to vacate a default unlawful detainer judgment is not appealable because the statute does not authorize appeals from orders and it specifies that the proper appeal is from the judgment. *Goldberg v. Fields*, 247 Minn. 213, 215–16, 76 N.W.2d 668, 670

(1956). Even orders which would be appealable in ordinary civil proceedings (such as the denial of a motion for a new trial, as in this case) are not appealable in unlawful detainer actions because the *exclusive* mode of appeal is from the judgment of restitution. *Pushor v. Dale,* 240 Minn. 179, 180, 60 N.W.2d 128, 128 (1953).

Appellant's claim that this court's decision in *Schatz v. Davis,* 354 N.W.2d 522 (Minn.Ct.App.1984) compels a different result is not persuasive. The appellant in that case attempted to raise an issue for the first time on appeal. This court held that the issue had not been properly preserved. Since the record did not show that the issue had been presented to, or considered by, the trial court, the appellant was precluded from raising it on appeal. The opinion also criticized the appellant's failure to preserve the issue by seeking a new trial. *Id.* at 524.

*Schatz* did *not* authorize an appeal from a post-judgment order. It restated the bedrock principle of appellate practice; a party may not raise an issue on appeal unless the record indicates it was first presented to the trial court. Whether presented at trial or by subsequent motion, only issues previously raised may be reviewed by the appellate courts. *Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982). While this principle governs the scope of review once jurisdiction has vested in the appellate courts, it does not alter the jurisdictional prerequisite of a timely appeal from an appealable order or judgment.

It is undisputed that appellant failed to timely appeal from the judgment of restitution. The post-trial order is not appealable, and this appeal must be dismissed.

Appeal dismissed.