STATE OF MINNESOTA *ex rel.* St. Paul, Minneapolis & Manitoba Railway Company *vs.* DISTRICT COURT OF HENNEPIN COUNTY.

### July 17, 1886.

**Railway Company—Condemnation of Crossing of Another Railway.—**
In proceedings for the appointment of commissioners under the provisions of Laws 1879, *c.* 35, § 3, (relating to railroad crossings,) the district court is not confined to the precise location mentioned in the petition, but may change or modify it; identity of the *purpose* of the crossing petitioned for and of that prescribed being sufficient.

**Same—Order Allowing Crossing, when not Stayed by Appeal.—**Under Laws 1881, Ex. Sess., *c.* 10, § 1, (which is an amendment to Gen. St. 1878, *c.* 34, § 47,) at any time after the making of the order prescribing the location and manner of a crossing, the petitioning corporation is entitled to proceed immediately to make and operate the same, upon filing the bond in said section one prescribed, notwithstanding the adverse party has theretofore, and before any meeting of the commissioners, duly taken and perfected an appeal from the order appointing them, by, among other things, executing and filing an undertaking for a stay of proceedings under Gen. St. 1878, *c.* 86, § 10, as modified by Laws 1868, *c.* 80.

Application for a writ of prohibition.

*R. B. Galusha, Chas. E. Flandrau, R. C. Benton,* and *Geo. B. Young,* for relator.

*J. M. Shaw, E. M. Wilson, John B. Atwater,* and *J. D. Springer,* for respondent.

BERRY, J.    Section 3, chapter 35, Laws 1879, provides that where a railroad company shall elect, in the location of any part of its railroad, to cross any other railroad of another company, it shall have the right so to do; and, if the two cannot agree as to the amount of compensation to be made therefor, the same shall be ascertained by commissioners to be appointed by the court, "as provided for the appropriation of the property of individuals; and, if the two corporations cannot agree as to the points and manner of such crossings, the district court to which the petition shall be presented shall, at the time of the appointment of commissioners, upon the request of either party, and upon such showing as the court shall deem necessary and

proper, prescribe the location and manner in which such crossing or connection shall be made so as to effect the purpose of the petitioning corporation, and at the same time do the least injury to the corporation whose property is taken."

In this case it is assumed by counsel—and, as at present advised, we see no reason why the assumption is not correct, especially in view of the provisions of chapter 80, Laws 1879—that in proceedings under this section the district court is first to determine whether the crossing sought is necessary and required by the public interest. If this view is correct, then the district court is called upon to do three things: (1) Determine the necessity of the crossing; (2) prescribe where and how it shall be made; and (3) appoint commissioners.

With reference to the second of these duties, as the statute expressly authorizes the court to prescribe the *location*, as well as the *manner*, of crossing, it is clear that it is not confined to the precise *location* mentioned in the petition, but may change or modify it so as, in the words of the statute, "to effect the *purpose* of the petitioning corporation, and at the same time do the least injury to the corporation whose property is taken." Identity of the *purpose* of the crossing petitioned for and that prescribed, is thus made sufficient.

In the case at bar the Minneapolis & St. Louis Railway Company, having elected to cross the relator's track, instituted proceedings for condemnation, and upon a hearing the district court, on March 2d, made an order determining that the public interest required a crossing, by the petitioner's road, of the road of the relator, "in the immediate vicinity of the place described in the petition" as a crossing place, and thereupon prescribed the location and manner of crossing, and appointed commissioners, fixing March 5th as the date of their first meeting. On March 3d the relator appealed from the order of the district court to this court, and executed and filed a duly-approved undertaking in the sum of $100,000 for a stay of proceedings, under Gen. St. 1878, c. 86, § 10, as amended so as to allow undertakings in lieu of bonds. See Laws 1868, c. 80.

No question is made as to the appealability of the order appealed from, nor as to the efficacy of the undertaking to stay all proceedings

in the matters to which the appeal relates, unless section 10 is controlled (as respondent contends) by Laws 1881, Ex. Sess., c. 10. This chapter is an amendment to what was section 29 of chapter 34 of the General Statutes, and is now section 47, [29,] chapter 34, Gen. St. 1878. There is a blunder in its title, and also in the reference in its body to the law amended, but nevertheless there is no difficulty, upon reading the entire title and the entire chapter, and considering the subject of the latter, in arriving at the conclusion above expressed as to what section the legislature intended to and did amend. Section 1 of said chapter 10 adds to section 47, chapter 34, Gen. St. 1878, as amended by section 3, chapter 35, Laws 1879, the following: "And at any time after the making of said order prescribing the location and manner of such crossing, * * * the petitioning corporation shall be entitled, without hinderance or obstruction, to proceed immediately to make and operate the same, upon filing with the clerk of said court a bond, in such amount and with such sureties as shall be accepted by the corporation whose property is to be taken, or as shall, upon reasonable notice, be approved by the judge of the district court, conditioned to prosecute said petition with diligence, and to pay to the corporation whose property is taken whatever amount may be required by the judgment of the court in such proceeding, and to abide by any rule or order of court in relation to the matter in controversy." This section is a special provision for the special case to which it relates; and, if its language is sufficiently comprehensive, it may, by a familiar canon of construction, properly be allowed to control the provisions of a general law like section 10, chapter 86, above cited. Its language is sufficiently broad to accomplish this purpose: "*At any time* after the making" of said order, prescribing the crossing, etc., "the petitioning corporation shall be entitled, *without hinderance or obstruction,*" i. e., of any kind or nature, "to proceed immediately to make and operate the same" upon filing the bond.

It is objected, however, that as the appeal from the order of the district court brings to this court the question of the necessity of the crossing, (among others,) that if this court should reverse the action of the court below, and hold that the crossing was not necessary, nor required by the public interest, and that, therefore, the petitioner

was not entitled to cross at all, and of course not liable to make compensation for a permanent taking for purposes of crossing, the company whose road was crossed might suffer great damage if the work of making and operating the crossing were allowed to go on notwithstanding the appeal, and damage for which the bond executed by the petitioning corporation would afford no indemnity, because it would be damage not covered by its terms and conditions. If this is the proper construction of the condition of the bond, the relator's objection is certainly formidable; for it would be difficult to see how it would *secure* compensation for such taking as is involved in the provisional and temporary occupation of the crossing place during the pendency of the appeal so as to satisfy the provision of our constitution forbidding private property to be taken for public use, without just compensation therefor first paid or *secured*. But we do not concur in the relator's construction of the prescribed condition of the bond. The part of it which binds the petitioning company and its sureties "to abide by any rule or order of court in relation to the matter in controversy" is, in our judgment, broad enough to authorize the court to bring about the payment of whatever may be necessary to compensate the company whose road is crossed for all damage which it may suffer in consequence of the making and operating of the crossing prescribed by the district court, but which, upon appeal, the petitioning corporation is compelled to abandon, because, in the judgment of the appellate court, the crossing is wholly unnecessary and not required by the public interest.

After the relator had perfected its appeal from the order of March 2d to this court, as before stated, the district court, at the instance of the Minneapolis & St. Louis Railway Company, issued an order (served upon relator) directing the matter of the approval of the bond or undertaking executed in accordance with the provisions of chapter 10, Laws 1881, Ex. Sess., *supra*, and of the sureties therein, to be heard before it on April 3d. The relator, claiming that the district court was about to proceed to approve this bond or undertaking without jurisdiction so to do, after the filing of relator's bond before mentioned, obtained from this court an order requiring the district court to show cause why it should not be restrained from so

doing by a writ of prohibition. It follows from what we have said that the order to show cause must be discharged.

Still further, however, the respondent insists that, even if the relator's position as to the want of jurisdiction in the district court be admitted to be sound, the consequence would simply be that the approval of the petitioning company's bond or undertaking would be a mere nullity, and would not authorize it to proceed with its work, and that, *therefore*, there is no occasion to *prohibit* the district court from approving the same. Without overlooking this point, (which would seem not to be without force,) we have preferred to decide the case before us upon more fundamental considerations.

The order to show cause is discharged, and the stay vacated.