UNIVERSALIST GENERAL CONVENTION *vs.* MARY R. BOTTINEAU and Husband.

November 18, 1889.

Unlawful Detainer—Pleading in Municipal Court.—A defendant, in an action pending in the municipal court for the city of Minneapolis, brought under the provisions of Gen. St. 1878, *c.* 84, § 11, must answer, if at all, at the opening of said court upon the day in which the summons is returnable, or at such other time as may be designated by the court.

Appeal by defendants from a judgment of the municipal court of Minneapolis.

*John Hay,* for appellants.

*Russell, Calhoun & Reed,* for respondent.

COLLINS, J. Action brought in the municipal court for the city of Minneapolis to recover possession of certain lands and tenements as provided by the terms of Gen. St. 1878, *c.* 84, § 11; the plaintiff, mortgagee and purchaser at the sale, complaining that defendants, mortgagors, were holding over and unlawfully detaining said premises after a sale thereof on foreclosure of a mortgage by advertisement, and expiration of the time for redemption prescribed by law. The summons was made returnable on February 12, 1889, at which time both parties appeared, the complaint then being on file. By consent and otherwise the case was continued from week to week until March 12th, when defendants filed an answer. When the case was reached upon the calendar plaintiff moved to strike said answer

from the court files, upon the ground that it was not made within the time required by statute.   This motion was granted, plaintiff's proofs received, and judgment of restitution and for plaintiff's possession entered, from which defendants appeal.   The sole question for consideration is the correctness of the ruling below on plaintiff's motion.

Formerly, justices of the peace had exclusive original jurisdiction of all actions brought by virtue of said chapter 84, and in its various sections matters of practice were regulated with reference to that fact.   A complaint was the only pleading expressly mentioned, but it is evident that all other pleadings were to be made and governed as were the pleadings in civil actions in the same court, (Gen. St. 1878, c. 65, §§ 23 et seq.;) and such has undoubtedly been the universal practice throughout the state.   Although the authority to try and determine this class of cases has of late years been conferred upon some of the municipal courts, including the one which tried this, (Sp. Laws 1887, c. 21, § 5, p. 463,) no change has been made in any of the provisions of chapter 84.   As was said in *Boston Block Co.* v. *Buffington*, 39 Minn. 385, (40 N. W. Rep. 361,)—an appeal from this same tribunal,—the chapter has been adopted *mutatis mutandis* as a code of practice to govern the proceedings in that class of actions in that court.   While section 5, which provides that after the return of the summons, at the appointed time and place, the justice of the peace shall proceed to hear and determine the complaint, may have some bearing upon the question, we are of the opinion that it is clearly settled by the terms of the act creating and establishing a municipal court for the city of Minneapolis, now found in Gen. St. 1878, c. 64, §§ 109 et seq.   It is a court of special and limited jurisdiction, possessing only those powers bestowed upon it by statute. It is limited in the trial of causes in the manner prescribed by the legislature.   In section 116 it is provided, among other things, that if the defendant fails to appear at the opening of the court upon the day at which the summons is returnable, he shall be defaulted; but "if he so appear he shall then, or at such time as the court may designate, answer the plaintiff's complaint."   This language is imperative, and the statute must be strictly followed.   It is very much like that in reference to pleading in justices' courts, construed in *Holgate*

v. *Broome*, 8 Minn. 209, (243,) and the reasoning in that case is pertinent to this.    See, also, *Mattice* v. *Litcherding*, 14 Minn. 110, (142;) *O'Brien* v. *Pomroy*, 22 Minn. 130.    As the defendant neglected to answer on the return-day of the summons, and no other time was designated by the court, the pleading was properly stricken out.

Judgment affirmed.