Munger v. Crowe. ·

---

## Frank M. Munger, et al., v. John V. Crowe, et al.

### Gen. No. 11,426.

1. JURISDICTION—*when residence of defendant confers.* Where nothing but the title to land is concerned and the court is called upon to act upon the person of the defendant only, a court of chancery may administer relief in any county where the defendant is found; but where the court is called upon to act directly upon real estate, it is essential to the jurisdiction of the court that the real estate be located within the territorial jurisdiction of the court.

2. REAL ESTATE—*when, " affected," within meaning of statute fixing chancery jurisdiction.* Where the ultimate object of a bill in chancery is to restrain a county from tearing down a public building in order that it may erect a new one in its stead, real estate is so " affected " that such proceeding can only be maintained in the county in which such real estate is located.

Bill to restrain removal of court house. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed July 14, 1904.

Statement by the Court. Appellants, residents and taxpayers of DeKalb county, Illinois, filed a bill in the Superior Court of Cook County against appellees, residents of the city of Chicago, to enjoin appellees from removing or undertaking or attempting to remove the west wing of the court house of DeKalb county, Illinois, from its present site at Sycamore, Illinois. A temporary injunction was obtained without notice July 25, 1903, which on August 7, 1903, was dissolved. Appellants asking an appeal from

said order, the court dismissed the bill for want of equity. Thereupon appellants perfected this appeal.

The bill alleges, among other things, that June 11, 1903, the board of supervisors of DeKalb county appointed a special building committee consisting of nine members; that the next day the said board passed a resolution concerning the building of a court house in the city of Sycamore, and therein authorized and directed the building committee " to immediately take steps to remove the west wing of the present court house, including the vault attached thereto, to some convenient place on the court house grounds where it can be used for its present uses and purposes during the construction of a new court house, and also take immediate steps to have the remaining parts of the present court house removed; " and also empowered and directed this committee to advertise for bids and to make a contract for the building of a new court house; that July 14, 1903, said committee entered into a contract with appellees for the removal of said west wing of the court house, including the vaults, for the sum of $1,600; that afterward and on the same day said committee made a report to the board of supervisors in which, among other things, the contract they had made with appellees is set out; that appellees under said pretended contract are proceeding to remove said west wing of the court house; that said contract was never passed upon or considered by said board; that the attempted delegation of power to the building committee is void; that in any event it only authorized the committee to remove said west wing, and did not give them authority to enter into any contract for its removal, and that the acceptance of said contract by the committee was inoperative and void; that in case appellees are permitted to remove said west wing the county officers will be without suitable rooms and conveniences for the holding of court or transaction of the public business of the county; that said resolution of the board passed June 12, 1903, is void for uncertainty and because it attempts to delegate legislative and judicial powers to said committee, etc.; and that appellees

will attempt to remove said west wing " without any action or authority by or from the county board of supervisors of said DeKalb county, to the great injury and damage of the said county of DeKalb, and to the complainants as taxpayers and owners of property in said county; that the public records and accounts of said county will be thereby jeopardized, the existing property of said county in the present court house at Sycamore impaired and injured, and the said county put to great loss and expense in providing accommodations for its court and public officers and the administration of the affairs of said county hindered and delayed."

The prayer of the bill is for answer, etc.; that appellees, their agents, etc., may be enjoined from removing or undertaking or attempting to remove said west wing of the court house from its present site until the further order of the court; that the injunction may be made permanent without further authority from the said board; that the resolution of said board dated June 12, 1903, be declared void; that the contract with appellees be declared inoperative, and that appellants be granted general relief, etc.

Appellees filed a sworn answer, in which, among other things, they deny the jurisdiction of the court; admit the appointment of the building committee by the board of supervisors June 11, 1903, and the passage of the resolution of the next day by said board; set up the contract awarded to appellees by said committee June 26, 1903, (which was reduced to writing July 1, 1903,) for the removal of the west wing of said court house, the giving of their bond thereon, that they commenced the work July 1, 1903, and before they were enjoined herein had moved said west wing five feet from the main building, and the same now stands on rollers and temporary timbers with one side exposed to the elements; that said contract is valid and subsisting; and they deny that such removal is without any action or authority of DeKalb county.   This answer is supported by the affidavit of H. C. Whittemore, a member of said board for twenty years last past, in which is set out at length the proceedings of said building committee June 26, 1903, when

the said contract was awarded to appellees; the meeting of the same committee July 14, 1903, when the contract to build the new court house was awarded to Wm. J. McAlpine; a copy of the bond given by appellees and a copy of their contract for such removal. Appellees also filed the affidavit of S. T. Armstrong, the circuit clerk and recorder of said DeKalb county, as to the condition of said west wing at the time the work thereon was enjoined, and the dangers coming to it from delay.

Appellees served notice upon appellants August 5, 1903, that on August 7, 1903, they would move the court to dissolve said temporary injunction; and August 6 they gave appellants notice that the affidavit of said Whittemore would be read in support of that motion.

LLOYD C. WHITMAN and HARRY McEWEN, for appellants; KERN & BROWN, of counsel.

HOPKINS, DOLPH, PEFFERS & HOPKINS, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

The primary question here is, did the Superior Court of Cook County have jurisdiction to try this case. Confessedly the subject-matter of the suit relates to the removal of the west wing of the present court house in the city of Sycamore, the county seat of DeKalb county, in order to make room for the construction of a new court house upon the same site.

Section 3, chapter 22, R. S., Chancery, reads: "Suits in chancery shall be commenced in the county where the defendants, or some one or more of them resides; or if the defendants are all non-residents, then in any county; or if the suit may affect real estate, in the county where the same or some part thereof is situated." The bill charges that if appellees are permitted to carry out their contract for the removal of said west wing, the county of DeKalb will suffer great injury and damage, and its existing property in the present court house at Sycamore in said county will be impaired and injured. In Enos v. Hunter, 4 Gilm. 216, 217,

the court in construing this section said : "Manifestly the meaning of the word 'affect' as used in the statute is to act upon, which, indeed, is its ordinary signification, and we have already seen that in compelling a conveyance of real estate, we do not affect or act upon the premises, but upon the person of the defendant alone."

If this suit is sustained, then such west wing cannot be removed from its present site, and the county of DeKalb is prevented by the physical condition of the land, which is sought to be continued by this suit, from constructing its new court house according to the plans, specifications and contracts it has adopted and entered into for that purpose. It is the law that where nothing but the title to the land is concerned, and the court is called upon to act upon the person of the defendant only, that a court of chancery may administer relief in any county where that defendant is found. Enos v. Hunter, *supra;* Johnson v. Gibson, 116 Ill. 294; Hayes v. O'Brien, 149 Ill. 403; Craft v. Ry. Co., 166 Ill. 592. But when the court is called upon to act directly upon the property, it is essential to the power of the court to act that the property to be affected be within the territorial jurisdiction of the court. The court cannot send its process into another jurisdiction, nor can it deliver possession of land in another jurisdiction. If land is affected by the decree, then the court must be able to control it directly, or else it has not jurisdiction. Cases last cited. When this bill is stripped of its surplus verbiage it is clear that its ultimate object is to enjoin the county of DeKalb from tearing down its present court house in order that it may erect a new court house upon the site of the old one. If appellants desire to effect this object, they must go into the courts of that county. The Superior Court of Cook County has no jurisdiction of this cause of action, for if sustained it will "affect real estate" not situate in Cook County. The decision of this question disposes of the case.

The decree of the Superior Court is affirmed.

*Affirmed.*