ROBERT M. BUNKER v. HANS HANSON.[1]

November 30, 1906.

Nos. 14,956—(92).

**Jurisdiction of Municipal Court.**

The municipal court of the city of Minneapolis has no jurisdiction in forcible entry and unlawful detainer proceedings based upon breach of the contract of a lease to lands, part of which were within Hennepin county and part of which were without that county.

[1] Reported in 109 N. W. 827.

**Cause of Action.**

The breach of the contract gave rise to one indivisible cause of action, which could not be split, so as to make two suits and thus bring them within the limited jurisdiction of the court.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis, entered pursuant to the order of Waite, J., dismissing the action. Affirmed.

*Chas. G. Laybourn,* for appellant.

*A. B. Choate* and *Geo. W. Armstrong,* for respondent.

JAGGARD, J.

The question presented by this appeal is whether or not the municipal court of the city of Minneapolis has jurisdiction in forcible entry and unlawful detainer proceedings based upon breach of terms of a lease to lands which lie partly within Hennepin county and partly without, to wit, in Scott county.

The action of forcible entry and unlawful detainer is a local action, involving, as the trial court pointed out, the ouster of the tenant from the lands and the restitution of possession thereof to the landlord. Jurisdiction of the land is therefore essential to its maintenance. It is elementary, when a court is called upon to act directly upon the property, it is essential to the power of the court to act that the property to be affected be within the territorial jurisdiction of the court. The court cannot send its process into another jurisdiction, nor can it deliver possession of land in another jurisdiction. If the land is affected by the decree, then the court must be able to control it directly, or else it has not jurisdiction. Munger v. Crowe, 115 Ill. App. 189.

The municipal court of the city of Minneapolis is a court of limited jurisdiction, and has no jurisdiction outside of Hennepin county. This is admitted. Minneapolis Charter, p. 36; Sp. Laws 1881, p. 429, c. 76, subc. 3, § 23, p. 429; section 3882, R. L. 1905. And see Burke v. St. Paul, M. & M. Ry. Co., 35 Minn. 172, 28 N. W. 190; State v. District Court of Hennepin County, 35 Minn. 461, 29 N. W. 60. Like a court of a justice of the peace, it has jurisdiction in forcible entry and unlawful detainer proceedings coextensive only with its territorial boundaries. Beyond such confines, it is without judicial power to act in such cases. 31 Cent. Dig. tit. "Justices of the Peace," §§ 146, 147. cols. 1000–1003.

The fact that the court had no jurisdiction of the lands in Scott county, covered by the lease, differentiates this case from other cases on which the landlord relies, which involved the right to recover possession of some parts of lands, but not of others covered by a lease, all of which lands were within the jurisdiction of the court. The proceedings in question were therefore beyond the jurisdiction of the municipal court of Minneapolis.

Plaintiff insists, however, that the court was not without jurisdiction to try the issues in this case and to grant such relief as the plaintiff might show himself entitled to, namely, restitution of the lands in Hennepin county, and that when another case should, if ever, be brought in the other county as to other lands, and an appeal taken, it would then be time enough for this court to determine the law applicable to such case. The argument is not sound. The cause of action to which the breach of the lease gave rise was single and indivisible. A breach of an entire contract cannot be separated, so as to make several suits and thus bring them within the limited jurisdictions of a justice of the peace or of a municipal magistrate. 31 Cent. Dig. tit. "Justices of the Peace," § 168, col. 1031.

Considerations of inconvenience also necessitate this conclusion. If the landlord should recover possession of the premises in Hennepin county only, the tenant would necessarily hold possession of the other lands under the terms of the lease, inter alia, because thereby the exercise of the landlord's right of re-entry expressly would not work a forfeiture of the tenant's obligations. What amount of rent would the tenant pay for the premises so occupied? He would not be required to pay the full amount provided by the lease, because he would not possess the whole premises; nor that prescribed by value of use and occupation, because he was still bound by the terms of the lease.

In such a case, and necessarily in almost every case brought on plaintiff's hypothesis, the court would be compelled to make an agreement for the parties to which they never assented, determining the amount of rent to be paid for the part of the premises occupied. Moreover, if suit were brought in the different counties at different times, the landlord might succeed in the one and lose in another, if not necessarily upon the same defense, clearly where the defenses differ. The inevitable confusion would be intolerable.

The hardship of compelling the plaintiff in such a case to resort to the delay of an action in ejectment, involving two trials, is a proper matter for legislative consideration. In all such cases, however, the parties pay the penalty for not having drawn two separate leases, one for each county.

Judgment affirmed.