# EMMA LILIENTHAL v. E. L. TORDOFF.[1]

## No. 23,127.

### October 31, 1922.

**Unlawful detainer—motion for new trial in municipal court.**

Judge of municipal court of Minneapolis cannot entertain motion for new trial of an action in forcible entry and unlawful detainer. He must follow the practice in justice court in such actions. [Reporter.]

January 12, 1923.

**Vendor of ground lease may terminate contract by giving statutory notice.**

1. An executory contract to convey a ground lease may be terminated by notice pursuant to G. S. 1913, § 8081, referring to "any contract for the conveyance of real estate or any interest therein;" and the plaintiff, the vendor, who had entered into an executory contract for the conveyance of such ground lease, and having such lease or an agreement therefor, under which executory contract the defendant took possession, could upon default terminate the contract by notice given pursuant to the statute.

**After termination of contract vendee could not maintain possession.**

2. The contract having been terminated, the defendant could not maintain his possession upon the ground that the plaintiff had assigned his right to a third person, as security for a debt, and that he held by assignment whatever such third person acquired; nor could he maintain his possession upon the ground that the plaintiff had assigned one-third of her interest in the property to a third person, under an agreement contemplating the organization of a corporation to hold it, and that he held by assignment whatever interest such third person acquired.

**Garnishment of vendee not a defense to action for possession.**

3. It was not a defense to the action for possession that after the default, though before the service of notice of termination, the defendant was garnished in a suit by a third person against the plaintiff.

[1]Reported in —— N. W. ——, 191 N. W. 823.

Action in unlawful detainer in the municipal court of Minneapolis. The case was tried before Reed, J., who ordered judgment in favor of plaintiff. From the judgment granting plaintiff restitution of the premises, defendant appealed. Motion in supreme court for an order remitting the cause to the trial court for the purpose of moving for a new trial, was denied. Affirmed.

*Elliott & Doll*, for appellant.

*A. B. Darelius*, for respondent.

On October 31, 1922, the following opinion was filed:

PER CURIAM.

An appeal from a judgment in an action of forcible entry and unlawful detainer in the municipal court of Minneapolis is pending here and appellant moves for an order remitting the cause to the court below for the purpose of moving for a new trial.

The practice in the municipal court of Minneapolis must conform to that prescribed for the courts of the justices of peace by the forcible entry and unlawful detainer act (c. 76, G. S. 1913), and not to that prescribed by the municipal court act in other cases, except as otherwise provided in the act itself (section 14, p. 607, c. 34, Sp. Laws 1889). Gray v. Hurley, 28 Minn. 388, 10 N. W. 417. In Boston Block Co. v. Buffington, 39 Minn. 385, 40 N. W. 361, the municipal court's refusal to entertain a motion for a new trial was assigned as error, but was not reached in the decision as the judgment was reversed on the ground that the evidence did not support it. How strictly the procedure in the municipal court of Minneapolis must conform to and be limited by the forcible entry and unlawful detainer statute is shown in Universalist Gen. Convention v. Bottineau, 42 Minn. 35, 43 N. W. 687, where an answer was stricken because not filed within the time fixed by the statute mentioned, the opinion stating that the municipal court was of special and limited jurisdiction in the matter and in the trial of cases must pursue the manner designated by the legislature. See also Bunker v. Hanson, 99 Minn. 426, 109 N. W. 827.

In addition to the above cases appeals in actions of this sort have reached this court from the municipal court of Minneapolis in Tilleny v. Knoblauch, 73 Minn. 108, 75 N. W. 1039; Twitchell v. Cummings,

123 Minn. 270, 143 N. W. 785; and Andrus v. Dyckman Hotel Co. 126 Minn. 406, 148 N. W. 565, but in none has there ever been an attempt to move for a new trial except in Boston Block Co. v. Buffington, supra, and that was not entertained by the court. The statute regulating forcible entry and unlawful detainer actions was designed to be summary and speedy, as stated in Gray v. Hurley, supra, and does not contemplate motions that might work delays. A justice of the peace cannot entertain motions for a new trial, nor should a judge of the municipal court, in actions of this nature, where he must follow the practice prescribed for a justice of the peace.

Appellant cites Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868, wherein is this quotation from McNamara v. Minn. Central Ry. Co. 12 Minn. 269 (388) viz.: "The power of such court to grant a new trial is not, like the right to appeal under our law, conferred by statute. It is inherent in courts of general jurisdiction, not given, but regulated by, statute." The municipal court of Minneapolis is not of general jurisdiction, but of special and limited.

The motion must be denied.

On January 12, 1923, the following opinion was filed:

DIBELL, J.

Action of unlawful detainer in the municipal court of Minneapolis. There was judgment for the plaintiff. The defendant appeals.

The record is imperfect. With the aid of the briefs and oral argument we find these questions:

(1) Whether an executory contract to convey a ground lease covers such an interest in real property that it may be terminated pursuant to G. S. 1913, § 8081, upon default; and in this connection whether the plaintiff, the vendor, had such an interest, by way of ground lease or agreement therefor, that she could terminate under the statute, upon default, the executory contract with the defendant, the vendee, under which he took and kept undisturbed possession.

(2) Whether, the plaintiff having terminated the contract pursuant to the statute, the defendant could defend in an action for

possession upon the ground that the plaintiff had conveyed the lease to a third person, whose interest the defendant had acquired, the conveyance, as shown on its face, being for security only; and whether he could defend upon the ground that the plaintiff had conveyed a one-third interest in the lease to a third person, under an agreement contemplating the organization of a corporation to hold the lease, he having acquired an assignment of such interest.

(3) Whether, the defendant, having been garnished in a suit against the plaintiff after his default, because of which the contract was terminated, but before notice of termination was given, can assert the garnishment in bar of the action for possession.

In determining these questions we are met with a general finding of guilty, appropriate in unlawful detainer, which resolves disputed issues in favor of the plaintiff.

1. On January 14, 1922, the plaintiff, Emma Lilienthal, and the defendant, E. L. Tordoff, entered into a contract for the sale and conveyance by the plaintiff to the defendant of a ground lease in Minneapolis for $22,000. The plaintiff had or claimed to have a ground lease running for 100 years at $50 per month from September 29, 1920. She was in possession and had a writing from one Brix who it is assumed was the owner. Her right of possession under this writing has never been questioned by the owner. When she made the contract with the defendant he took possession from her. He has not been disturbed in his possession. The plaintiff testifies that the rental value of the premises is $450 per month.

On March 15, 1922, the defendant defaulted in the payment of $250. On March 22, 1922, the plaintiff served upon him a notice to terminate the contract pursuant to G. S. 1913, § 8081. This notice, if effective, terminated his rights after 30 days from the service; and under G. S. 1913, § 7658, as amended by Laws 1917, p. 345, c. 227, unlawful detainer lies to recover possession.

The defendant in this connection claims that a contract for the sale of a ground lease such as this cannot be terminated under the statute. We hold that it may be. The statute in terms applies to "any contract for the conveyance of real estate or any interest therein." The statute does not restrict its application to an estate

of inheritance, and we should not construe it to imply such restriction. An interest so substantial as a ground lease of the character here involved is within the statute.

The defendant claims that the plaintiff never had a substantial interest—that the paper which she had contemplated a lease but was not one. It is sufficient to say that the contract to convey a ground lease was a contract covering whatever interest the plaintiff had. The parties were content to enter into an executory contract for the conveyance of it, the defendant acquired possession by it, and effect should be given to the termination of his right by the statutory method. He was content to take an executory contract providing for a termination upon default, and having defaulted he must submit to a termination. And besides, no equity shown, he cannot in this possessory action contest her superior right under which he took and rightfully held possession until termination by default and notice.

2. The defendant claims that he has acquired by assignment the interest of the plaintiff or a portion of it, which he may interpose in bar.

On April 1, 1921, plaintiff assigned her interest to A. E. Rosander as security for a promissory note of $1,600. On June 13, 1921, she assigned one-third of her interest to J. E. Rosander, who agreed to perform his share of the covenants; and it was agreed that a corporation should be organized with an authorized capital stock of $50,000, one-half common and one-half preferred stock, the lease from Brix to go to the corporation, the plaintiff to have $10,000 of the common stock and J. E. Rosander $5,000.

On May 8, 1922, A. E. Rosander assigned his right in the Lilienthal assignment to the defendant, and J. E. Rosander assigned the assignment of June 13, 1921, to the defendant. Through the assignments of the two Rosanders, both taken after his contract was terminated and the action for possession commenced, defendant claims a right which will defeat the plaintiff. We cannot so hold. The first assignment was of a mortgage. There was no conveyance of title. It is not a defense. The defendant cannot assert his right in the A. E. Rosander assignment, contemplating the formation of a

corporation to hold the ground lease, to defeat unlawful detainer. It was not contemplated, apparently, that A. E. Rosander should have possession, and he did not take it. The plaintiff remained in possession until a year later when she surrendered possession to the defendant under the contract. His possession under the plaintiff has not been attacked and he is not in position to assert a right of possession against her through his assignment. Her right to possession was absolute before he took either assignment.

3. The last claim of the defendant is that on March 17, 1922, when he was in default, he was garnished in an action against Mrs. Lilienthal.

The proceeding under G. S. 1913, § 8081, has been likened to a statutory foreclosure, International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895, or a statutory strict foreclosure, Nolan v. Greeley, 150 Minn. 441, 185 N. W. 647. The service of the notice starts running the time for removing the default by payment. A mere garnishment does not interrupt its running. The defendant did nothing. Perhaps, had he feared loss through double payment, he might have had a remedy under G. S. 1913, § 7765, by paying the amount into court. He may have had some other remedy in equity. He did nothing. He was in default. The notice was shortening from day to day his time to redeem. He did not remove his default. He cannot after the expiration of the time for payment take advantage of the garnishment. See International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 92, 148 N. W. 895. True enough he might disregard the statutory proceeding, relying upon a claim that he was not in default. But the garnishment proceeding did not pay the plaintiff nor remove his default.

Judgment affirmed.