PAUL UNTIEDT AND OTHERS v. FRANK VER DICK.[1]

October 11, 1935.

No. 30,484.

*Canfield & Michael,* for appellant.
*Hansen & Engan,* for respondents.

JULIUS J. OLSON, JUSTICE.

An action was brought in the municipal court of the city of Luverne, a city of the fourth class, by plaintiffs against defendant to recover stallion service fees in the amount of $45, plaintiffs claiming that three of defendant's mares had been served and that "the reasonable and agreed price for such services was $15 for each mare." Defendant answered admitting that his three mares had been served but alleged that only one mare became with foal; that

[1]Reported in 262 N. W. 568.

it was agreed and understood that he was to pay only $10 for each service charge for mares that became with foal if payment was made before the colt was foaled and that the $15 rate was applicable only in event payment was not made until after foaling; that later on defendant conducted a public sale of his horses and other livestock; that the only mare with foal was sold to a purchaser who paid the $10 service charge, and that because thereof "defendant's liability for service fees was then fully and entirely extinguished." Plaintiffs replied, putting in issue all new matter. At the time of the trial the parties entered into a stipulation of facts in substance as follows: Only one of the mares served became with foal; that the service fee if paid before foaling time was to be $10; that at a public sale conducted by defendant this mare was sold to a resident of Iowa who paid one of plaintiffs $10; that on the day following this arrangement the money was repaid to the bidder; that the mare was never delivered to such purchaser but that defendant subsequently sold the same to another. The record does not indicate that defendant ever paid a cent to anyone for this service charge.

The case was submitted to a jury in the municipal court and a verdict returned for plaintiffs in the sum of one dollar. Defendant moved for a new trial in the municipal court, assigning several errors which, however, may as well be summarized under one heading, that the verdict was not justified by the evidence and was contrary to law. The motion was denied. Judgment was entered, and defendant appealed therefrom to the district court of Rock county on questions of law alone. That court affirmed. Defendant, still full of fight, has appealed from the judgment there entered. Errors here assigned are: (1) That the court erred in affirming "the order of the municipal court in denying the appellant a new trial," and (2) that the court erred in failing to "reverse, vacate and set aside the judgment of the municipal court."

Assuming that these assignments raise an issue and going to the merits of the appeal, we are confronted at once with the fact that the stipulation of facts in municipal court compels an affirmance here. It being true that the service was rendered and that no pay-

ment had been made, it would seem logical enough that plaintiffs should recover the full amount of the service fees. The fact that the jury allowed only one dollar is something of which defendant should not complain. If anyone has any just complaint to make it would seem to be the plaintiffs.

Defendant urges that the verdict is perverse and must have been arrived at by the jury in some fashion not justifiable in law. He argues at length in his brief that the verdict being perverse it was the duty of the municipal court to grant a new trial and that its refusal so to do was reversible error. The district court was of opinion that the municipal court had no authority to grant a new trial. We are informed that the municipal court of Luverne was organized pursuant to L. 1895, c. 229. Under that statute it is conceded that no authority is conferred to entertain such motion. But defendant argues that inasmuch as there is no proof in the record that the municipal court was organized under that act judicial notice cannot be taken of its organization thereunder. If that contention be accepted at its full worth we are necessarily forced to assume that the court was organized pursuant to 1 Mason Minn. St. 1927, §§ 215-228. We can find no authority granted by these sections to entertain any such motion, and defendant has failed to point to any statute granting such power to such courts. So whether the municipal court of Luverne was organized under the 1895 act or the general acts referred to becomes unimportant. We have in this state many municipal courts functioning under various statutes. See notes 1 Mason Minn. St. 1927, § 215. In some of these enactments such courts are given power to hear and determine such motions, but in all such cases, as far as we are informed, legislative authority so to do has been granted. The municipal courts organized and existing under the acts applicable to cities of the fourth class have no such authority. The reason therefor is probably that an appeal lies directly to the district court, and such appeal may be taken as to questions of law alone or as to both law and fact. If the appeal is upon the latter ground the case is tried *de novo,* the same as appeals from courts of justice of the peace.

We think, too, that in the instant case the district court could take judicial notice of the authority of the municipal court of Luverne. Defendant does not claim otherwise. That being so, we may do likewise. See Steenerson v. G. N. Ry. Co. 69 Minn. 353, 377, and cases cited p. 377, 72 N. W. 713, 717. Defendant's claim that a municipal court has the inherent power to grant new trials cannot be sustained. The trouble with his position is that he fails to distinguish between courts of record having general common law jurisdiction and those having only limited or special jurisdiction. The distinction is clearly pointed out in Lilienthal v. Tordoff, 154 Minn. 225, 227, 191 N. W. 823, 194 N. W. 722; 46 C. J. 60. A municipal court of the type here involved has no authority to grant new trials. Being purely of statutory origin and possessed only of the authority granted by the enabling acts under which organized, its authority is special or limited and not general. We think the trial court correctly disposed of the case.

In passing, we think it is not improper to suggest that litigation, especially appeals, in cases of this type should be discouraged. We are laboring diligently to take care of legitimate appeals, cases involving property and human rights justifying a review. The instant case is utterly lacking in either. Counsel should realize that they are doing their clients no service in permitting appeals of this nature to be taken. Such procedure as has here been followed cannot help causing criticism and condemnation of law in general and of lawyers in particular. The expense incurred is out of proportion to the rights, real and imaginary, involved. When the fight is finally over, the bitterness and hostility of the contending parties are likely to have become intensified rather than mollified.

Judgment affirmed.