## DAYTON-LEE, INC. v. HELEN McGOWAN.[1]

May 13, 1938.

No. 31,705.

[1]Reported in 279 N. W. 580.

*Kelehan & Dady,* for appellant.
*Paul C. Thomas,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant, on July 24, 1935, at the instance of a sales agent representing plaintiff, executed a contract whereby she agreed to use and pay for a certain copyrighted series, known as "Nettie and Nuttie," in advertising her business in the radio, washing machine, and refrigerator line in which she then was and still is engaged in St. Paul. The contract provided that plaintiff was to manufacture and furnish 52 mats, one to be used each week for the one-year contract period. The price for the year's service was fixed at $208 and was made payable in specified instalments.

When the contract was solicited defendant informed the soliciting agent that she desired the advertising matter in such shape as to meet with the requirements of two daily papers in St. Paul, the *Pioneer Press* and *Dispatch,* these being the papers in which she wanted the advertising to run. She expressed doubt about the size and forms of the advertising matter submitted, suggesting that these forms would not meet with the requirements of the mentioned papers. She was assured, however, by the agent that he had submitted to the mentioned papers the proposed advertising matter and that the same was acceptable for publication. The testimony shows that this was wholly false and untrue. In defendant's behalf ample proof was furnished that while the agent had called at the office of these papers he had been informed that in the form suggested they would not meet with the rules and requirements of the management. Relying upon the truth of the agent's representation, she in good faith signed the contract. Shortly thereafter she learned the facts, *i. e.,* that the advertising copy referred to in the contract was not fit for its intended purpose and did not conform to the requirements of these publications. Whereupon she promptly proceeded to disaffirm by written notice specifying wherein the fraud had been practiced and wholly repudiating the contract for the reasons mentioned. This all took place prior to the first advertising matter plaintiff was to furnish under the agreement. The

court found and so held that defendant's signature to the contract "was obtained by the plaintiff through its fraud, and that said contract is void." Judgment was accordingly ordered for defendant. Plaintiff then moved in the alternative for amended findings and conclusions or for new trial. It appeals from an order denying the same. Insofar as the motion for new trial is concerned the only question is whether the findings are justified by the evidence.

At the outset it may be mentioned that there are no assignments of error here. But as the issue is a simple one we have concluded to consider the case on its merits.

■ An order denying a motion for amended findings is not appealable. A ruling upon it might change or otherwise affect the result in the trial court or give a ground for an assignment of error here, but nothing more. Therefore, the appeal so far as it here was based on a motion for amended findings must be dismissed. Hoyt v. Kittson County State Bank, 180 Minn. 93, 230 N. W. 269. See also, generally, 1 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 300, 309, 386, and 5 *Id.,* § 7091.

■ Going directly to the merits, we have, as has been seen, but the one question: Is there any evidence in the record reasonably tending to support the findings of the trial court? Obviously if such support is found that ends plaintiff's case.

We have read the record with care and have no hesitancy in saying that not only is the trial court's finding supported but that an opposite finding would be difficult to sustain. It is not helpful to the bar nor to the parties that we should be compelled to repeat the testimony of the several witnesses testifying, including two men representing the *Dispatch* and *Pioneer Press,* and the representations made by plaintiff's solicitor prior to and at the time when he secured defendant's signature to the supposed contract. Not only is there the testimony of these two wholly disinterested men, but there is also the testimony of defendant, her son, and another witness, all of which goes directly to support the claim of fraud found by the court to be true.

This case represents nothing more than that appeals of this type are entirely unjustified and exhibit only a desire to litigate. What

we said in Untiedt v. Ver Dick, 195 Minn. 239, 242, 262 N. W. 568, 570, is especially applicable here:

"Counsel should realize that they are doing their clients no service in permitting appeals of this nature to be taken. Such procedure as has here been followed cannot help causing criticism and condemnation of law in general and of lawyers in particular. The expense incurred is out of proportion to the rights, real and imaginary, involved. When the fight is finally over, the bitterness and hostility of the contending parties are likely to have become intensified rather than mollified."

The order is affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.