## CARL (AL) AURA AND ANOTHER v. WALLACE BRANDT.[1]

September 12, 1941.

No. 32,946.

See 211 Minn. 281, 1 N. W. (2d) 381.
*Thomas H. Strizich* and *Clarence H. Kleffman*, for contestee-appellant.
*H. A. Frankson* and *J. C. Henley*, for contestants-appellants.

PER CURIAM.

The contestee moves to dismiss contestants' appeal on the ground that they appeal from a nonappealable order.

Carl (Al) Aura and Wallace Brandt were rival candidates for the office of recorder for the village of Hibbing at the election held December 3, 1940. The official canvass gave the election to Brandt. Thereupon Aura and another instituted this contest. The trial resulted in findings of fact and conclusions of law that nine more votes were cast for Aura than for Brandt; hence Brandt was not entitled to the office, nor was Aura entitled thereto in that he and his voluntary election committee failed to file expense accounts as required by the corrupt practices act. Brandt moved to amend the findings of fact and conclusions of law and, in the alternative, for a new trial. Contestants also moved for amended findings of fact and conclusions of law, coupled with a motion to open the case for the reception of certain specified documentary evidence. The motions of the parties were heard at the same time. The court denied Brandt's motion, and his appeal is properly before this court. The court also denied contestants' motion to amend the findings and conclusions of law, but the evidence

[1] Reported in 299 N. W. 910.

which they sought to incorporate in the findings was incorporated. Contestants appealed from the order, and Brandt moves to dismiss the appeal because taken from a nonappealable order, and that it was taken on April 23, 1941, and as yet no record has been printed or served by contestants and no case has been settled.

We think the appeal is from the order refusing to amend findings. Such an order is not appealable. Dayton-Lee, Inc. v. McGowan, 202 Minn. 656, 279 N. W. 580. But the order is claimed to be a final order in a special proceeding and hence appealable. We think this claim is determined adversely to contestants by Hanson v. Emanuel, 210 Minn. 51, 297 N. W. 176, where it was held that in an election contest for village officers an appeal to this court lies from an order denying a new trial or from a judgment rendered therein, and that the procedure on such appeal follows that of civil actions.

There is a settled case. There is a printed record of over 800 pages. There is no need to duplicate expense. Each side has served and filed printed briefs. The motions appealed from were argued at the same time. They were disposed of in one order. The appeals should be consolidated in this court for hearing on the merits, for from contestants' brief it appears that the merits of their case can be reached without a motion for a new trial by appealing from the judgment. So, on the dismissal of contestants' pending appeal, they, by causing judgment to be entered below and promptly appealing therefrom, may present the merits of their objection to the court's decision, and the appeal of both sides be consolidated and determined in one opinion in this court.

The appeal of contestants is dismissed, with leave to contestants to enter judgment in the court below and perfect an appeal therefrom with promptness.