## STATE v. WILLIAM P. PAULY.

99 N. W. (2d) 889.

December 11, 1959—No. 37,706.

*Ben R. Toensing,* for appellant.
*Joseph C. Vesely,* City Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from a judgment of the District Court of Hennepin County which affirmed a judgment of the municipal court of the city of Hopkins which found defendant guilty of operating a motor vehicle in a careless and negligent manner contrary to an ordinance of such municipality.

The municipal court trial was set for Friday, May 9, 1958, at 8 p. m. At the start of the proceedings, defendant's counsel appeared specially and objected to the court's jurisdiction to hear the case at the time indicated. The objection was overruled and the trial proceeded with the result above set forth. It is defendant's contention that the municipal court of Hopkins was without authority to hear and dispose of the complaint against him at a night court session. In support thereof he cites M. S. A. 488.10, which at that time provided in part:

"Except in cases where the resolution establishing such court provides for a municipal judge and a special municipal judge, each may exercise all the powers thereof. Each judge shall see that the laws of the state and the ordinances and bylaws of the city or village are obeyed. *The court shall be opened every morning, except on Sundays and holidays, for the hearing and disposition, summarily, of all complaints made of*

*offenses committed within the county,* of which the court has jurisdiction." (Italics supplied.)

It is not disputed that Hopkins is a city of the fourth class, incorporated January 1, 1948, with a charter which provides (Charter of the City of Hopkins, § 2.10):

"The council shall cause to be duly organized and established, and shall permanently provide for and maintain, a municipal court with two elective judges thereof, as authorized by and in conformity with the laws of the state, and shall make all necessary and proper regulations and provisions relative thereto."

It is also agreed that under Resolution No. 64, enacted by the Hopkins city council on December 7, 1948, a municipal court with two municipal judges was established effective January 1, 1949, which thereupon adopted rules of procedure, including one which provided for the holding of trials on Tuesday mornings and Friday evenings of each week, the latter to commence after the hour of 7 p. m. A clerk of court was then duly appointed and his office has since kept open for business during the forenoon of each day with the exception of Saturdays, Sundays, and holidays.

■ Determination of the issue presented is dependent upon construction of § 488.10, which specifies that municipal courts "shall be opened every morning, except on Sundays and holidays, for the hearing and disposition, *summarily,* of all complaints made of offenses committed within the county, of which the court has jurisdiction." (Italics supplied.) Defendant asserts that thereunder a municipal court is without jurisdiction to hear and determine offenses except during the forenoon of each day when each such complaint must summarily be heard and disposed of. In support of this contention, he cites Untiedt v. Ver Dick, 195 Minn. 239, 262 N. W. 568; Universalist General Convention v. Bottineau, 42 Minn. 35, 43 N. W. 687; Lilienthal v. Tordoff, 154 Minn. 225, 191 N. W. 823, 194 N. W. 722, which in general hold that municipal courts, being creatures of statute, are limited to the authority delegated by the enabling acts under which they are organized.

■ We are of the opinion that the municipal court of Hopkins, in

adopting rules for the trial of conplaints on two days each week, on one of which days such trials should be heard after 7 p. m., did not act in violation of the requirements of § 488.10. We construe that statute to mean that offices of the various municipal courts organized thereunder be open each morning except Sundays and holidays so that complaints not requiring trials may be summarily disposed of; and so that otherwise defendants charged with offenses committed within a municipality such as Hopkins may have a day and hour set for trial thereof which will be reasonably convenient for the court, the respective defendants, their counsel, and the witnesses. Where experience indicates that such convenience will be better served by trials of such complaints after 7 p. m., it would seem to be well within the inherent power of these courts to adopt rules accordingly. To hold that § 488.10 compelled trial of such matters only at morning sessions to the exclusion of evening or afternoon sessions would in many instances work great hardships upon defendants and others involved and would serve no purpose discernible in the language of this section.

■ Defendant contends that in creating its municipal court the city of Hopkins failed to comply with that portion of § 488.03 which provides that:

"* * * in case two judges shall be prescribed for the court, one thereof *may* be called the municipal judge and the other the special municipal judge." (Italics supplied.)

Under § 488.05, which provides that "the special municipal judge shall act only in the absence or disability of the municipal judge," it is urged that it was impossible for defendant to determine if the judge hearing his case had jurisdiction since it was uncertain whether he was the municipal judge or the special municipal judge authorized to act only in the absence of the municipal judge.

Prior to M. S. A. c. 488, the municipal courts for municipalities such as Hopkins were organized under R. L. 1905, § 125, which provided:

"A court of record to be known as 'The Municipal Court of . . . . . . . .' is hereby established in and for every city, * * * which has or shall have two thousand inhabitants or more, in which city or

village no municipal court shall exist when the Revised Laws take effect; but no court thus established shall be organized until the city or village council so determines by a resolution, adopted by a four-fifths majority of its members, and approved by its mayor or president, providing a suitable place for holding its sessions, *prescribing the number of judges* and other officials thereof, and fixing their compensation." (Italics supplied.)

By virtue of L. 1913, c. 104, § 1, an additional clause was added to R. L. 1905, § 125, which provided that:

"* * * in case that two judges shall be prescribed for said court, one thereof *may* be called the municipal judge and the other the special municipal judge." (Italics supplied.)

Under § 2.10 of the Hopkins city charter, adopted January 1, 1948, it is provided that the council "shall permanently provide for and maintain, a municipal court with *two elective judges* thereof, * * *." (Italics supplied.) Resolution No. 64 of the Hopkins city ordinances makes provision for a municipal court with two judges, as directed by the charter, but does not specify that one of such judges be a municipal judge and the other a special municipal judge as might have been done under § 488.03. However, there is nothing in c. 488 which can be construed as a prohibition against the course of action taken by Resolution No. 64. Both the express terms and the inferences to be drawn from the language of various sections of c. 488 indicate the correctness of the council's action in providing for two regular municipal judges.

Thus, § 488.03 specifies that a municipality of this class, by resolution of its council, may organize a municipal court and prescribe "the number of judges * * * thereof, * * *." Section 488.10 specifies that each municipal judge thus prescribed may exercise all the powers thereof "*Except* * * * where the resolution * * * provides for a municipal judge and a special municipal judge * * *." (Italics supplied.) Section 488.05 provides that "Where there shall be a municipal judge and a special municipal judge," the latter "shall act only in the absence or disability of the municipal judge, * * *" and shall be compensated only on a per dièm basis. It seems clear from these sections that in the interests of economy a municipality with insufficient court business for

two regular judges was given the option to provide for one regular and one special municipal judge, the latter to be compensated on a per diem basis. This privilege should not be construed to curtail the right of a municipality of this class to have two full-time judges if the volume of its court work so required. The city of Hopkins, not having exercised this option either in its charter or in Resolution No. 64, was correct therefore in establishing two regular full-time judges pursuant to its charter and to § 488.03. It would follow that in the instant case both of the Hopkins municipal judges were authorized to exercise the full power of a judge of its municipal court, and accordingly that the judge hearing the complaint against defendant had jurisdiction to do so.

Affirmed.