## STATE EX REL. LEVI J. LA JESSE
## v. E. C. MEISINGER.

103 N. W. (2d) 864.

June 17, 1960—No. 38,104.

*J. M. Daly,* for relator.

*B. Warren Hart,* City Attorney for the city of West St. Paul, for respondent.

LOEVINGER, JUSTICE.

This is a quo warranto proceeding to test the right of respondent to act as a special judge in the municipal court of West St. Paul pursuant to designation under M. S. A. 488.06, subd. 5.

The facts are not in dispute. The city of West St. Paul has a municipal

judge but no special municipal judge. An action was started in the municipal court of West St. Paul against relator who filed an affidavit of prejudice against the municipal judge. The mayor then appointed respondent to act as special judge under the statutory provision noted. Thereupon relator secured an order from this court allowing a writ of quo warranto. The issue is whether or not the legislature may constitutionally provide for the appointment of a special judge of municipal court by the mayor or president of a municipal council.

The Municipal Court Act, contained in c. 488, governs municipal courts of this state except those in cities of the first class. Section 488.06 permits the governing body of a municipality to determine that there may be more than one judge in any municipal court, and where there are two judges, at its option, to designate one as a special municipal judge. State v. Pauly, 257 Minn. 41, 99 N. W. (2d) 889. A special municipal judge acts only in the absence or disability of the municipal judge. The last sentence of subd. 5 of this section further provides that:

"* * * In the absence or disability of the municipal judge and special municipal judge of said court, if there be one, the mayor or president of the council may designate a practicing attorney to sit as special judge instead of such municipal judge from day to day."

Section 488.22, subd. 2, provides that a "special judge of a municipal court is qualified to sit only in instances when the municipal judge" is disqualified or physically incapacitated.

The Municipal Court Act thus provides for three classes of judges in municipal court: Municipal judges, special municipal judges, and special judges of municipal court. The latter two act only in cases of absence, disqualification, or incapacity of the municipal judge, and are compensated on a per diem basis.

Section 488.07 grants specified powers to municipal judges and special municipal judges but does not refer to "special judge of a municipal court." It seems reasonably clear, however, that the "special judge of a municipal court" is intended to have all of the powers of a municipal judge with respect to those cases or "instances" which he is designated to hear. Although precedents arising under different statutory provisions are not of much assistance, it is the general view that a special

judge is one qualified to act in a particular case and exercising authority until the case is disposed of. State ex rel. Hodshire v. Bingham, 218 Ind. 490, 33 N. E. (2d) 771, 134 A. L. R. 1126; 30A Am. Jur., Judges, § 237, et seq.; 48 C. J. S., Judges, § 98, et seq. While the distinction is sometimes drawn between a special judge and a judge pro tem, this would have no significance in the present case in any event. It is clearly the contemplation of the Municipal Court Act that a judge of the municipal court, whether designated as a municipal judge, special municipal judge, or special judge, shall have the judicial powers of the municipal court while sitting as a judge therein. Any person possessing the powers of a court is subject to the constitutional and statutory provisions applicable to judges.

This brings us to the issue whether such a judge may be chosen by the mayor or president of the municipal council. Under Minn. Const. art. 6, § 1, the legislature has wide discretion in organizing courts inferior to the district court. However, § 8 provides that all judges shall be elected in the manner provided by law by the electors of the state, district, county, municipality, or other territory wherein they are to serve, and § 11 provides for appointments to fill any vacancy in the office of judge to be made by the governor. Corresponding provisions of art. 6 as it stood prior to amendment in 1956 provided that all judges should be elected and that in case the office of any judge became vacant the vacancy should be filled by appointment by the governor. Since the adoption of the Minnesota constitution in 1857, there has been a constitutional requirement that judges be elected by the people, except in those situations in which the constitution itself permits appointment by the governor.

There are many arguments, on grounds of both principle and expediency, against the election of judges, either in special cases or generally. Such arguments do not enter into our consideration. The fundamental law of this state is, and always has been, that the selection of judges must be submitted to the electors and that appointment, where provided, is to be made by the governor.

The inescapable conclusion is that the last sentence of M. S. A. 488.06, subd. 5, is inconsistent with art. 6 of the constitution and therefore void.

Since this sentence clearly bears little relation to the remainder of the act, which is complete and capable of being executed in accordance with legislative intent without the sentence, this conclusion does not affect the other provisions of the act, in view of § 645.20.

Respondent having been designated a special judge under an unconstitutional provision, has no claim to the title or office. A proceeding in quo warranto is the proper remedy for testing the title of a person to a judicial office. State ex rel. Burk v. Beaudoin, 230 Minn. 186, 40 N. W. (2d) 885. It follows that a writ of ouster should issue ousting respondent from holding or attempting to hold the office of special judge of municipal court under claim of or pursuant to designation by a mayor or president of a municipal council.

Let writ of ouster issue.