174

KEVIN JAMES KEKOA, A Minor, by CATHERINE KEKOA ENOMOTO, His Next Friend, et al., Plaintiffs-Appellants, *v.* SUPREME COURT OF HAWAII, et al., Defendants-Appellees

and

In the Matter of the Estate of BERNICE PAUAHI BISHOP, Deceased

No. 5215

October 1, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* Appellants have moved for the disqualification of all of the justices of this court from sitting in this case; for the appointment of circuit court judges, who are not disqualified, as substitute justices by drawing of lots; and for the drawing of lots in the presence of all justices and counsel in the case. The grounds for the motion are that the justices are parties in the case and the case involves a challenge to the act of the justices in appointing Matsuo Takabuki as trustee of the Estate of Bernice Pauahi Bishop, Deceased.

Each justice will file a certificate recusing himself from sitting in the case.

In *Re Bouslog*, 41 Haw. 270, 283 (1956), Mr. Justice Stainback suggested that a substitute justice be selected to serve in his stead, stating: "It it not only important to render a righteous and correct judgment but that it be done in such a manner that it will beget no suspicion of the fairness and integrity of the judge." Alpheus Thomas Mason's *Harlan*

*Fiske Stone, Pillar of the Law* (1956), pp. 698-720, contains a chapter on the judicial proprieties observed by Chief Justice Stone, where the author refers to correspondence in which the Chief Justice expressed his view that a Supreme Court justice, like Caesar's wife, must be above suspicion, other correspondence in which he stated that the justices declined to sit if they had "anything substantially to do with the case before it reached the Supreme Court," and his testimony at a Congressional hearing that the actions of the justices in so declining to sit constituted recusal rather than disqualification.

Inasmuch as each justice of the court will recuse himself from sitting in this case, we do not reach the question as to whether the justices are legally disqualified.

Upon the filing of such certificates, the appointment of substitute justices will become necessary.

The State Constitution contains a provision which is applicable to this precise situation. Article V, Section 2, provides: "The supreme court shall consist of a chief justice and four associate justices. When necessary, the chief justice shall assign a judge or judges of a circuit court to serve temporarily on the supreme court. * * *"

The constitutional language states a mandate which is clear and unambiguous. There is no provision in the constitution which permits appointment of substitute justices by the drawing of lots. Such being the case, the method of appointment provided in the constitution is controlling. *State v. Anderson*, 53 N.M. 441, 210 P.2d 626 (1949); *State v. Meisinger*, 258 Minn. 297, 103 N.W. 2d 864 (1960).

An order will be entered denying appellants' motion for the appointment of circuit court judges, who are not disqualified, as substitute justices in this case by the drawing of lots.

*Samuel P. King* for plaintiffs-appellants, for the motion.

*Bertram T. Kanbara*, Special Deputy Attorney General, for defendant-appellee, George T. H. Pai, contra.

*Walter G. Chuck,* for defendants-appellees, William S. Richardson, et al., contra.

*J. Garner Anthony (Anthony, Waddoups, Hoddick & Brown* of counsel) for defendants-appellees, Frank Elbert Midkiff, et al., contra.